Louis Stull *et al.* Appellants, *vs.* Mary Veatch *et al.* Appellees.

*Opinion filed, October 26, 1908.*

1. WILLS—*record of probated foreign will is more than mere notice to purchasers.* Under section 9 of the Statute of Wills a foreign will, or authenticated copy thereof, proven according to the laws of the foreign State and recorded in Illinois, is "good and available in law, in like manner as wills made and executed in this State," and it is not necessary that such will be probated in Illinois before a devisee can assert title as to lands in Illinois.

2. SAME—*judgment of foreign court admitting will to probate is not open to collateral attack.* A judgment of a court of a foreign State admitting a will to probate is entitled to full faith and credit in this State, to the extent, at least, of its not being open to collateral attack in a proceeding by the legal heirs of the testator to partition lands in Illinois.

APPEAL from the Circuit Court of McHenry county; the Hon. A. H. Frost, Judge, presiding.

SHURTLEFF & HEIZER, (BOTSFORD, WAYNE & BOTS-
FORD, of counsel,) for appellants.

D. T. SMILEY, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellants filed their bill in the circuit court of Mc-
Henry county September 18, 1901, for a partition of cer-
tain lands therein described, alleged to have been owned by
Lefler Stull at the time of his death. The bill alleged that
Lefler Stull died April 7, 1896, at Auburn, Nebraska, leav-
ing no widow but leaving surviving him as his children
and only heirs-at-law the complainants and defendants, and
that by the death of their said father the lands described
in the bill, which were situated in McHenry county, Illinois,
descended to and became the property of his said children
under and by virtue of the Statute of Descent of the State
of Illinois. The bill further alleged that complainants were
informed an attempt was being made in some of the courts
of the State of Nebraska to probate a pretended will of
said Lefler Stull; that the litigation arising therefrom was
not concluded, and that the said pretended will was not the
result of the intelligent, independent and voluntary act of
said Lefler Stull, deceased, and in no way affected the in-
terest of his heirs in the land described in the bill; that no
will or pretended will of said Lefler Stull had been presented
for probate in McHenry county or in any other court in
Illinois, and that no copy thereof and certificate of probate
had been filed in McHenry county, and that there was no
record of such will and certificate of probate in the re-
corder's office of McHenry county nor in any county of
the State of Illinois. The bill prayed for a partition of the
land therein described among the heirs of said Lefler Stull,
deceased. To this bill John S. Stull, one of the defendants,
interposed a plea in bar. The plea alleged that Lefler Stull
died at Auburn, Nebraska, April 7, 1896, leaving a last will

and testament; that said will was duly admitted to probate by the county court of Nemaha county, Nebraska, a copy of which will, together with the certificate of probate thereof, duly authenticated, is set out *in hæc verba* in the plea. The plea further avers that complainants, and each of them, were notified of the application to the county court of Nemaha county, Nebraska, to have the will of Lefler Stull admitted to probate; that each of them, in the contest that followed the application for the admission of the will to probate, gave his testimony in said cause, and that they should now be estopped from alleging in their said bill or in making any attempt to prove that Lefler Stull died intestate; that a copy of said will and its accompanying certificates of probate were duly filed for record in the office of the clerk of the probate court of McHenry county, Illinois, and were by said clerk duly recorded in a book kept by him for that purpose, as is by law directed. The sufficiency of this plea was set down for argument, and after hearing the argument the court held it to be a good and sufficient plea, and entered a rule against complainants to reply to it. Complainants declining to reply, the court entered an order dismissing the bill for non-compliance with the rule, and complainants have appealed from that decree to this court.

Appellants contend that the plea was defective in form, in that it did not aver Lefler Stull was a resident of Nebraska at the time of his death and did not contain sufficient averments to show that the probate court of Nebraska had jurisdiction to admit the will to probate. They also contend that the plea was defective in substance. Appellants' position is, that a will, or copy of a will, made and probated in a foreign State, when properly certified and recorded in this State, is good and available only as notice or as an instrument of evidence; that a foreign will, to be effectual as to the title to real estate in this State, must be probated in this State. It is not denied by appellants

that the will of Lefler Stull, and the probate thereof, were duly authenticated, but the controversy is as to the effect that should be given to it.

Section 2 of the chapter of our statute on wills provides the manner of proving wills for their admission to probate in this State, and the last clause of said section reads: "Every will, testament or codicil, when thus proven to the satisfaction of the court, shall, together with the probate thereof, be recorded by the clerk of said court, in a book to be provided by him for that purpose, and shall be good and available in law for the granting, conveying and assuring the lands, tenements and hereditaments, annuities, rents, goods and chattels therein and thereby devised, granted and bequeathed." Sections 9 and 10 read as follows:

"Sec. 9. All wills, testaments and codicils, or authenticated copies thereof, proven according to the laws of any of the United States, or the territories thereof, or of any country out of the limits of the United States, and touching or concerning estates within this State, accompanied with a certificate of the proper officer or officers that said will, testament, codicil or copy thereof was duly executed and proved, agreeably to the laws and usages of that State or country in which the same was executed, shall be recorded as aforesaid, and shall be good and available in law, in like manner as wills made and executed in this State.

"Sec. 10. All wills, testaments and codicils, which heretofore have been, or shall hereafter be made, executed and published out of this State, may be admitted to probate in any county in this State in which the testator may have been seized of lands, or other real estate, at the time of his death, in the same manner, and upon like proof as if the same had been made, executed and published in this State, whether such will, testament or codicil, has first been probated in the State, territory or country in which it was made and declared or not. And all original wills, or copies thereof, duly certified according to law, or exemplifications

from the records in pursuance of the law of Congress in relation to records in foreign States, may be recorded as aforesaid, and shall be good and available in law, the same as wills proved in such county court."

Section 9 relates solely to the recording of authenticated copies of wills proven according to the laws of a foreign State or territory, and such copies, after recording in this State, are made good and available in law, in like manner as wills made and executed in this State. We have held in a number of cases, among them *Harrison* v. *Weatherby,* 180 Ill. 418, *Bliss* v. *Seeley,* 191 id. 461, and *Catholic University* v. *Boyd,* 227 id. 281, that the record of copies of wills thus authenticated is notice to subsequent purchasers from the heirs of the testator. In *Shephard* v. *Carriel,* 19 Ill. 313, *Gardner* v. *Ladue,* 47 id. 211, and *Newman* v. *Willetts,* 52 id. 98, it was held that the copy of a will executed and probated in another State, duly authenticated according to the act of Congress, is admissible in evidence in the courts of this State and entitled to be recorded, and in the latter case it was said such records import verity.

It is not questioned by appellants that the copy of the will, together with the certificate of its probate in Nebraska, set out in the plea, authorized its being recorded in this State, but it is contended that the authenticated record of the probate in the State of Nebraska is not entitled to full faith and credit in this State, as provided by section 1 of article 4 of the constitution of the United States. It is true, as contended by appellants, the courts of this State are not bound by the judgments of the courts of foreign States in construing wills, where the construction of the will relates to lands in this State. "Where a testator by a single will devises lands lying in two or more States, the courts of such States will, respectively, construe it as to the lands situated in them, respectively, in the same manner as if they had been devised by separate wills." (*McCartney* v. *Osburn,* 118 Ill. 403.) That rule, however, is

not applicable here, as the construction of the will is not involved. If the decision of this case depended alone upon whether the judgment of the Nebraska court is entitled to full faith and credit in this State, we would be disposed to hold that, as here presented, it is. Whatever might be the effect of a direct attack, it cannot be attacked collaterally, as is attempted in this case.

The case of *Clark* v. *DuBois,* 1 L. R. A. (N. S.) 996, cited by appellants, was an application for the admission of a will to probate of a testator who resided in the State of California but whose will had been probated in the State of New Hampshire. The application was accompanied by an exemplification of the will and its probate in the State of New Hampshire. The evidence showed that the testator resided in the State of California at the time of his death, and the court held that the will was not entitled to probate in that State upon the copies of the will and the record of its probate in New Hampshire. After reviewing certain cases decided in the same court, which counsel contended announced a different rule, the court said (p. 1001) : "This case, then, must be taken to decide, and to decide only, that upon collateral attack an order admitting a will offered as a foreign will to probate is not void for error either in the proof of authentication or in proof of residence, as in *Rogers* v. *King,* and *Irwin* v. *Scriber.* Question may be raised over the strict logic of that opinion, but no doubt can exist as to the strong necessity which called it forth. It must be taken, therefore, as settled in this State, upon the authority of the cases cited, that the probate of such wills is free from attack upon these questions in collateral proceedings, but that, upon the other hand, it is the duty of the court in probate to do as the court here did: refuse probate to a will offered as a foreign will if the court shall be satisfied from the evidence that the testator was, in fact, a resident of this State at the time of his death."

"The certified copy of the will and the transcript of the order of probate in the foreign State raise a presumption that all necessary legal formalities at such probate were complied with, and such evidence is conclusive of the validity of the foreign probate, and is not subject to collateral attack unless such transcript shows on its face that the will was not properly admitted to probate, in which case it is held that the order of the foreign court is not conclusive." (Page on Wills, sec. 357.)

We are further of opinion that appellants' position is contrary to the proper construction of the meaning and intention of our statute. We do not think section 9 was intended to have given it the limited construction contended for by appellants. Copies of wills, and the proof thereof, exemplified in accordance with the provisions of that section, are made "good and available in law, in like manner as wills made and executed in this State." A devisee can not assert title to land devised him by will until the will has been admitted to probate. It then becomes good and available in law to support the title of the devisee. (Page on Wills, secs. 313, 314; *Pratt* v. *Hargraves,* 71 Am. St. Rep. 551.) Wills proven and admitted to probate in this State are good and available for the vesting of title in a devisee, and if a foreign will, with proof of its probate, when recorded in any county in this State where the testator had lands, is as good and available as wills made in this State, (which means made and probated in this State,) it must be good and available to vest title. This view is further strengthened by the last half of section 10. The first half of said section relates to the probating in this State of wills executed in a foreign State where the testator owned lands in this State. No reference is there made to probating a will upon an authenticated copy or to the recording of authenticated copies. The last half of said section 10 provides that original wills, or copies thereof, certified according to law, or exemplifications from the rec-

ords pursuant to the law of Congress in relation to the record of foreign wills, may be recorded and shall be "good and available in law, the same as wills proved in such county court." This provision is not limited to the effect to be given foreign wills proven and admitted to probate in this State, but to foreign wills recorded in this State, and wills, or copies thereof, so recorded are to have the same effect as wills proven in this State. It is not required that all foreign wills shall be probated in this State if the testator owned land in this State. The evils intended to be avoided by this legislation must be manifest.

We are of opinion that the plea, while not a model by any means, is good in substance. There is no direct averment in the plea that Lefler Stull resided in the State of Nebraska at the time of his death, but under authorities above cited the certified transcript of the record of the probate court in that State raises a presumption of the validity of the will as against collateral attack. We are of the opinion the plea was sufficient to have required appellants to have replied to it if they desired to put in issue any question of fact, and as to questions of law presented by it the court did not err in holding it good.

The decree of the circuit court is affirmed.

*Decree affirmed.*