(No. 12208.—Reversed and remanded.)

DANIEL BARNETT, Appellee, *vs.* B. J. BARNETT *et al.*—
(MARY NOLAN *et al.* Appellants.)

*Opinion filed October 21, 1918.*

1. WILLS—*where a will should be probated.*. The probate of a will, in the first instance, should be made in the place of the testator's domicile at the time of his death, whether the will was executed at that place or elsewhere.

2. SAME—*language of section 9 of Statute of Wills construed.* The language of section 9 of the Statute of Wills requiring the authenticated copy of a will probated in a foreign State to be accompanied by a certificate as to its due execution and proof "agreeably to the laws and usages of that State or country in which the same was executed," means agreeably to the laws and usages of the State or country where the certificate was executed and not where the will was executed.

3. SAME—*what necessary before copy of will is evidence of title.* Under section 9 of the Statute of Wills, before an authenticated copy of a will probated in a foreign State can be evidence of title it must be accompanied by a certificate that the will was executed and proven agreeably to the laws and customs of the State where the certificate was executed, and the authenticated copy and certificate must be recorded in the office of the clerk of the probate court.

4. SAME—*recording copy of a will in office of circuit clerk does not make it evidence of title.* The recording in the office of the clerk of the circuit court of a properly authenticated copy of a will probated in a foreign State does not make the record evidence of title under section 33 of the Conveyances act but only constructive notice, unless it is also recorded in the office of the clerk of the probate court.

5. SAME—*when a will executed in Illinois need not be probated here.* Where a will made in Illinois, where the land disposed of is located, is probated in the foreign State where the testator was domiciled at the time of his death, it is not necessary to probate the will in Illinois in order to pass title, provided a properly authenticated copy of the will, accompanied by the certificate required, is recorded in the office of the clerk of the probate court of the county where the land is located.

APPEAL from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding.

ROBERT H. LOVETT, for appellants.

C. R. BIRKETT, for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Appellee, Daniel Barnett, filed a bill for partition in the circuit court of Peoria county against Bartholomew J. Barnett, John W. Barnett, Agnes Stillwell, Mary Nolan, Mary Hoey and Sarah E. Casey. Mary Nolan and Agnes Stillwell answered the bill, denying all knowledge of the allegations and calling for strict proof. Replication was filed and the other defendants defaulted. The cause was referred to the master in chancery to take and report proofs with findings. The master found from the evidence taken that the allegations of the bill were true and recommended partition and the assignment of dower as prayed. Objections to the master's report were overruled and exceptions were taken thereto, which were overruled by the court and a decree rendered for partition and for the appointment of commissioners to make partition and assign dower in accordance with the recommendations of the master. This appeal by Mary Nolan and Agnes Stillwell followed.

The facts are not in dispute and as averred and proved they are substantially the following: Bartholomew Barnett died intestate at Peoria, Illinois, May 24, 1871, leaving him surviving Mary Barnett, his widow, (who has since intermarried with Patrick Hoey,) and Daniel F. Barnett, Kate Barnett, Bartholomew J. Barnett, John W. Barnett, Agnes Stillwell, Mary Nolan and Anna Barnett, as his children and only heirs-at-law. The intestate was at that time seized in fee of the southwesterly half of lot 9 in William S. Johnson's subdivision of block 95 in Morton, Voris & Laveille's addition to the city of Peoria. On September 26, 1873, Kate Barnett died intestate, seized in fee of an undivided one-seventh of said premises, and leaving her surviving her

said brothers and sisters, and Mary Hoey, her mother, as her only heirs-at-law. On May 13, 1916, Anna Barnett died testate, seized of an undivided nine-fifty-sixths of said premises, and leaving her surviving all of her said brothers and sisters except Kate, and her mother, Mary Hoey, as her only heirs-at-law. The master found that at the time of her death Anna Barnett was a resident of Pueblo, Colorado. It is stated in the briefs of both parties that the will of Anna Barnett was executed in Peoria, Illinois, on March 3, 1913, and the copy of the will in the record shows that it was witnessed by three witnesses residing in Peoria. The will names Mary Hoey as executrix, and after providing that all her just debts and funeral expenses be paid, the testatrix disposed of all of her property in the following language:

"*Second*—I will, devise and bequeath to my beloved mother, Mrs. Mary Hoey, all of my estate wherever situate, be the same real, personal or mixed, in fee simple forever."

The will was probated in the county of Pueblo, in the State of Colorado. The record contains a copy of the will and of the order of the probate court in which the same was probated, which copy and record of probate were certified by the clerk of the county court of said county in the following language:

"I, L. T. Morgan, clerk of the county court in and for said county, in the State aforesaid, do hereby certify the foregoing to be a true, perfect and complete copy of the last will and testament of Anna Barnett, deceased, together with the order admitting said last will to probate and record in said court, and as the same was had and entered of record in said court on the 3d day of July, A. D. 1917. And I do further certify that said will was admitted to probate and record in strict conformity with the laws and usages of the said State of Colorado in such case made and provided.

"In testimony whereof I hereunto set my hand and affix the seal of said court at my office in Pueblo, this fourteenth day of August, A. D. 1917.                                    L. T. MORGAN,
(Seal)                                    *Clerk of the county court.*"

The certificate of the clerk is followed by a certificate of the judge of the county court of Pueblo county, certifying that L. T. Morgan was at the time of the signing and sealing of said certificate the clerk of the county court of Pueblo county and keeper of the records and seal thereof, duly appointed and qualified to office, and that full faith and credit are, and of right ought to be, given to all of his acts as such in all courts of record and elsewhere, and that his said attestation is in due form of law and by the proper officer. The judge's certificate is also followed by the certificate of the county clerk, signed by him and attested by the seal of said court, certifying that the judge whose genuine signature was appended to the foregoing certificate was at the time of signing the same judge of the county court sitting in and for Pueblo county, in the State of Colorado, duly commissioned and qualified, and that full faith and credit are, and of right ought to be, given to all of his official acts as such, in all courts of record and elsewhere. The certified copy of the will and of the record of the probate of the same, and the certificates thereto attached, were filed and recorded in the circuit clerk's office of the county of Peoria, Illinois, December 21, 1917, but the same were not recorded, so far as this record shows, in the office of the probate clerk of said county and the will was not probated in said county.

The bill of appellee charged and the decree of the circuit court found and decreed that Mary Hoey was entitled to an undivided eleven-fifty-sixths of said premises and to a one-third of the whole of the same as dower, and that Daniel F. Barnett, Bartholomew J. Barnett, John W. Barnett, Agnes Stillwell and Mary Nolan were each seized and possessed of an undivided nine-fifty-sixths, subject to said dower. Sarah E. Casey had no interest in the premises except as a mere tenant in possession.

The sole and only question presented by appellants on this record is whether or not the certified copy of the will

and of the probate thereof, recorded in the recorder's office
of Peoria county, is sufficient and competent evidence of
the vesting of the title in said premises or the part thereof
of which Anna Barnett died seized. Their contention is
that the will being executed in this State, in Peoria county,
it cannot have the effect to vest the title aforesaid in Mary
Hoey until it is probated in the county of Peoria; that sec-
tion 9 of our statute on wills is not applicable in this case,
and that if it should be held to the contrary, the certified
copy of the will, and the probate thereof as certified, were
not admissible in evidence because not certified according
to law and recorded in the office of the probate clerk in
Peoria county.

In order to pass title to real estate by will it was nec-
essary, under the common law, that the will conform to
the laws of the State where the real estate was situated,
both in its execution and proof of the same. This rule of
the common law was changed by section 9 of our statute
on wills as to wills executed and proved without the State
where the land is situated. Under that section of the stat-
ute a will executed and proved according to the laws of a
foreign State and properly recorded in Illinois is "good and
available in law, in like manner as wills made and executed
in this State." It is not necessary that such will should be
probated in this State in order to pass title to a devisee to
real estate located here. (*Amrine* v. *Hamer,* 240 Ill. 572.)
Before a party can have the benefit of section 9 as to a will
executed and probated according to the laws of another
State it is necessary that all the provisions required thereby
be complied with, where such will devises real estate situ-
ated in this State. The requirements of that section are that
the will shall be proved and executed according to the laws
of a foreign State, territory or country, and that the will
or copy must be accompanied by a certificate as to its due
execution and proof agreeably to the laws and usages of
that State or country in which the certificate is executed.

The copy of the will must be an authenticated copy. The authenticated copy of the will, certificate, etc., shall be recorded "as aforesaid." (*Harrison* v. *Weatherby*, 180 Ill. 418.) Recorded "as aforesaid" means recorded with the probate clerk, as provided in section 2 of the Wills act. (*Dibble* v. *Winter*, 247 Ill. 243; *Bliss* v. *Seeley*, 191 id. 461.) The authenticated copy of the will, certificate, etc., introduced in evidence in this case was not admissible to prove title to any part of the real estate in Mary Hoey for two reasons: In the first place, it was not recorded in the probate clerk's office in Peoria county. In the second place, the certificate of the clerk of the probate court of Pueblo county, Colorado, failed to contain the statement or certificate that the will was executed agreeably to the laws and usages of the State of Colorado. *Lewis* v. *Barnhart*, 145 U. S. 56; *Bliss* v. *Seeley, supra.*

The probate of a will, in the first instance, should be made in the place of the testator's domicile at the time of his death, whether the will be executed at the place of his domicile or elsewhere. (Thompson on Wills, secs. 43, 487.) The testatrix's will in this case was properly probated in Colorado, the State of her domicile. It did not have to be probated in this State, as contended by appellants. Appellants are also in error in their contention that the probate clerk of Pueblo county, Colorado, should have certified that the will was executed and proved according to the laws of Illinois. The words, "agreeably to the laws and usages of that State or country in which the same was executed," in section 9, *supra,* are misinterpreted by the appellants. The meaning of that section is that the clerk shall certify that the will, testament, codicil or copy thereof was duly executed and proved "agreeably to the laws and usages of that State or country in which" the certificate was executed. The word "same" refers to the certificate and not to the will, etc. The clerk of a foreign State or country could not reasonably be expected, in such a case, to certify that a will

was duly executed and proved agreeably to the laws and usages of the State where the will was executed, where the will, as in this case, happens to be executed outside of the State or country in which the same was probated.

Under our present statute no will is good and available, in law, for the granting, conveying and assuring the lands, tenements and hereditaments therein and thereby devised unless probated and made a matter of record in accordance with the provisions of sections 2 and 10 of our statute on wills or unless all of the provisions of section 9 are complied with, including the recording of the exemplified copy of the will, certificate, etc., of the clerk of the probate court where the will is probated, in case the same is probated in a foreign State or country.

It is argued by appellee that his certified and exemplified copy of the will in question recorded in the circuit clerk's office is admissible, under section 33 of our statute on conveyances, for the purpose of proving Mary Hoey's title. That section provides: "All original wills duly proved or copies thereof duly certified, according to law, and exemplifications of the record of foreign wills made in pursuance of the law of Congress in relation to records in foreign States, may be recorded in the same office where deeds and other instruments concerning real estate may be required to be recorded; and the same shall be notice from the date of filing the same for record as in other cases, and certified copies of the record thereof shall be evidence to the same extent as the certified copies of the record of deeds." We have already pointed out that the appellee's record does not comply with the statute by reason of the failure of the clerk of the probate court of Pueblo county, Colorado, to make the proper certificate that the will was executed according to the laws of Colorado, etc. The record is therefore not even sufficient to charge notice of the provisions of the will, although it be recorded in the recorder's office, even if notice were a material question in this case. (*Lewis* v. *Barnhart,*

*supra; Bliss* v. *Seeley, supra.*) The introduction of such record would not, therefore, be even competent evidence of constructive notice, much less evidence of title. The object of section 33, *supra,* was merely to charge the parties with constructive notice of the contents of the will. Such a record of the circuit clerk's office cannot be evidence of title until it is recorded in the probate clerk's office, as provided by section 9, *supra.* Section 33 specifically provides that "certified copies of the record thereof shall be evidence to the same extent as the certified copies of the record of deeds." By the provisions of other sections of our chapter on conveyances, deeds and other instruments relating to titles of real estate, although not acknowledged, are notice to subsequent purchasers and creditors from the time they are properly filed and recorded in the recorder's office. However, such unacknowledged deeds are not evidence to prove anything but notice until their execution is proved. They only serve to give warning to all persons dealing with the land. Where their execution is proved, even on the trial of a case, then certified copies of such record may become evidence of title, but not before. (*Reed* v. *Kemp,* 16 Ill. 445; *Winter* v. *Dibble,* 251 id. 200.) With the proper certificate attached, appellee's exemplified and certified record would be evidence to prove the title of Mary Hoey under the will of Anna Barnett, at any time after it was duly recorded in the probate clerk's office but not before, because recording it in the probate clerk's office was one of the requirements essential to the will passing title. It was just as essential to record it in the probate clerk's office to give the will effect to pass title as it is essential to make proof of the execution of a deed that is not acknowledged in order that it may have the effect to pass title.

The certified copy of the record introduced to prove that the interest of Anna Barnett was vested in Mary Hoey was not sufficient for that purpose for the reasons aforesaid, which necessitates a reversal of the decree in this case. That

record may be made sufficient for the purpose of vesting title in Mary Hoey on obtaining or appending thereto the proper certificate of the probate clerk of Pueblo county and the recording such certified and exemplified copy, properly certified, in the office of the probate court of Peoria county.

The decree of the circuit court is therefore reversed and the cause remanded. *Reversed and remanded.*

Mr. JUSTICE STONE having heard this case in the circuit court took no part in the decision here.