(No. 18883.—)

LOUIS CROOKER *et al.* Appellants, *vs.* PATRICK L. MCARDLE *et al.* Appellees.

*Opinion filed October 25, 1928.*

JOHN J. SONSTEBY, for appellants.

PATRICK L. MCARDLE, *pro se,* (E. J. MCARDLE, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county in a proceeding to contest the will of Marie de Rohan McArdle, after the hearing of the evidence by a jury directed the jury to return a verdict finding the instrument in question to be the true last will and testament of the deceased, and, the jury having rendered such verdict, entered a decree in accordance with the finding, from which the complainants appealed.

Marie de Rohan McArdle executed her will on February 14, 1922. She died on December 26, 1925, and her will was admitted to probate on February 26, 1926. Her heirs were her husband, Patrick L. McArdle, a brother, two sisters, a nephew and three nieces. The will gave all the property of the testatrix to her husband and named him as executor. The brother and a sister of the testatrix filed a bill to contest the will on the ground of undue influence and the revocation of the will by another will subsequently executed by the testatrix making other disposition of the property, and the later will was alleged never to have been revoked but to have been lost. No evidence was offered on the allegation of undue influence, but the complainants offered to make proof of certain declarations of the testatrix tending to show the execution of the subsequent will, and objections were sustained to all the testimony offered. The court directed the jury to return a verdict sustaining the will. This was done and the court entered an order dismissing the bill for want of equity.

The decree must be affirmed for the reason that the execution of a subsequent will, even if it contain an express declaration of revocation of the previous will, does not revoke the previous will. Section 17 of the Statute of Wills provides that "no will, testament or codicil shall be revoked, otherwise than by burning, canceling, tearing or obliterating the same, by the testator himself, or in his presence, by his direction and consent, or by some other will, testa-

ment or codicil in writing, declaring the same, signed by the testator or testatrix, in the presence of two or more witnesses, and by them attested in his or her presence; and no words spoken shall revoke or annul any will, testament or codicil in writing, executed as aforesaid, in due form of law." The rule that a testamentary writing is of no legal effect as a will until the testator's death applies to a will purporting to revoke a previous will, including the revocatory clause, and therefore the revocation by virtue of the subsequent will has no legal effect until the death of the testator, although the later will contain an express revocatory clause. (*Stetson* v. *Stetson,* 200 Ill. 601; *Moore* v. *Rowlett,* 269 id. 88; *Limbach* v. *Limbach,* 290 id. 94.) There was no attempt to show that the subsequent will had been admitted to probate and no offer to prove its terms except some vague statements of the testatrix that she had made ample provision for Imogene Crooker, her sister, and that Imogene would be very well provided for when the testatrix passed on, and her statement that she had made a new will giving all of her estate to her husband for life and afterward to Imogene for life and after her death to go to the children of Charles, a deceased brother.

A will is not effective for any purpose until it is admitted to probate. Section 2 of the Statute of Wills provides, in part, that a will when it is admitted to probate "shall be good and available in law for the granting, conveying and assuring the lands, tenements and hereditaments, annuities, rents, goods and chattels therein and thereby devised, granted, and bequeathed." It is true that the probate only establishes the original validity of the will and the title of the devisee relates back to the testatrix's death and takes effect from that time, but until the will has been admitted to probate it is not admissible in evidence. (*Hicks* v. *Deemer,* 187 Ill. 164.) Jurisdiction of the subject of probate of wills is in the county court, and no will is legally

effective until it has been admitted to probate. No will can be shown to revoke a previous will until the subsequent will has been admitted to probate. Therefore a contest of a will because of its revocation by a subsequent will cannot be successfully maintained, because a subsequent will can not be admitted in evidence until it has been probated. If by mistake or fraud a will has been admitted to probate and it is ascertained that the testator in his lifetime has executed a subsequent will revoking the first, the county or probate court which has jurisdiction of the probate of wills may, upon petition in a proper case, admit the subsequent will to probate and revoke the probate of the earlier will. *Conzet* v. *Hibben,* 272 Ill. 508.

A court of equity, in this State, has no original jurisdiction to establish a lost or destroyed will. (*Beatty* v. *Clegg,* 214 Ill. 34; *Mather* v. *Minard,* 260 id. 175; *Wild* v. *Sweeney,* 84 id. 213.) Section 18 of article 6 of the constitution gives to county courts original jurisdiction in all matters of probate, and the Statute of Wills provides for the exercise of the jurisdiction and the probate of wills in that court. That jurisdiction includes the probate of lost or destroyed wills upon proof of the loss or destruction of the will and its contents, and that jurisdiction is exclusive. (*Beatty* v. *Clegg, supra; Wild* v. *Sweeney, supra.*) In *Anderson* v. *Irwin,* 101 Ill. 411, a decree of the circuit court of Clay county establishing an alleged will and directing the distribution of the estate according to its provisions was affirmed by this court without comment on the power of a court of equity to enter such a decree or on the exclusive jurisdiction of the county court in matters of probate. The questions considered concerned only the character and weight of the evidence, the degree of proof required against a spoliator of written evidence, and the evidence of insanity of the testator. The question of want of jurisdiction was not mentioned. The case has never been cited on the question of jurisdiction. It is contrary to the other cases

which have been cited and the question was manifestly overlooked. The case cannot be considered as authority for the jurisdiction of a court of equity to establish a will.

The decree of the circuit court is affirmed.

*Decree affirmed.*