Alice Krasauski, Plaintiff-Appellant, v. Joseph V. Birbalas, Defendant-Appellee.

Gen. No. 49,070.

First District, First Division.

February 3, 1964.

Rehearing denied March 16, 1964.

Joseph J. Gasior and Stephen M. Oleszkiewicz, both of Chicago, for appellant.

Torme, Kanter & Horwich, of Chicago (Joseph H. Horwich, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

In a single action in the Superior Court of Cook County, plaintiff sought to set aside a will, in which defendant is named sole beneficiary, and also, to set aside deeds which resulted in defendant's sole ownership of the decedent's real estate. The trial court dismissed the action after sustaining defendant's motion to dismiss, grounded on the premise that the court did not have "jurisdiction of the subject matter" and that "Plaintiff has not legal capacity to sue." Plaintiff's appeal to the Supreme Court was transferred here because "neither a freehold nor a construction of the constitution is involved."

In substance, the complaint alleges that plaintiff is the "only known heir and next of kin" of Michalina Skrodenis, who died March 8, 1961, at about 74 years of age; that on December 1, 1958, the decedent executed a will, in which defendant is the sole legatee; that on December 30, 1958, decedent, through a mesne conveyance and without consideration, put the title to her real estate in her name and that of defendant, as joint tenants; that defendant, owner of a tavern in which the decedent "frequently drank liquor," knowing of her enfeebled mental and physical condition, "her age and addiction to the use of alcoholic liquors," took advantage of "the confidential relationship existing between them" and, by undue influence, fraudulent practices and misrepresentations, induced decedent to execute the will and to place her real estate in joint tenancy with him; and that the will was filed in the Probate Court of Cook County but not probated.

The complaint prayed that the inter vivos conveyance of decedent's land be set aside, and that the defendant be required to account for rents, issues and

227

profits; that he be enjoined from selling or disposing of the real estate or any of the personal property of the deceased; that the defendant be required to disclose and account for personal assets of the decedent in his possession or of which he has knoweldge; and that the purported will of the decedent be set aside and her property be distributed to her heirs.

Defendant contends that because no probate proceedings have been instituted or are contemplated by the executor named in the will of the decedent, plaintiff's complaint is prematurely filed; that no action to contest the will may be maintained until the will is admitted to probate; that the Superior Court lacked jurisdiction of the party plaintiff and of the subject matter; and that plaintiff did not have legal capacity to sue because "plaintiff took no action in the Probate Court of Cook County prior to the filing of this complaint to cause proof of heirship to have been made to determine who are the heirs at law of Michalina Skrodenis."

██ ██ In the opinion transferring the appeal to this court (Krasauski v. Birbalas, 26 Ill2d 163, 186 NE2d 364 (1962)) Justice Schaefer said (p 166):

> "The superior court of Cook County has the jurisdiction of a circuit court. Neither its jurisdiction to set aside an inter vivos conveyance induced by fraud or false representation, nor its jurisdiction to hear a will contest, is debatable. Indeed, in cases like this one, where it was charged that a defendant was both grantee and legatee, it has been held that both the deed and the will must be challenged in a single action in order to avoid a multiplicity of suits. (See, e. g., McGovern v. McGovern, 268 Ill 135, 108 NE 1024; 282 Ill 97, 118 NE 454.) Whether the present action is premature because the will has not been admitted to

228

probate depends upon a construction of section 90 of the Probate Act, and does not concern the jurisdiction of the probate court, for under no circumstances would that court have jurisdiction of the will contest."

From this statement, and from our examination of the complaint, we conclude that the Superior Court did have jurisdiction "to set aside an inter vivos conveyance induced by fraud or false representation," as alleged in the complaint. Also, we believe that it was not a prerequisite to the institution of the action to set aside "the inter vivos conveyance of decedent's land" that, absent probate proceedings, an order be entered in the Probate Court declaring the heirship of the decedent. Section 58 of the Probate Act (Ill Rev Stats 1961, c 3) states that such an order "is prima facie evidence of the heirship, but any other legal method of proving heirship may be resorted to by any party interested therein in any place or court where the question may arise."

█ Considering defendant's contention that plaintiff lacked "legal capacity to sue," we assume this to mean that the complaint did not allege sufficient facts to show that plaintiff was a proper party in interest. We agree. The allegation that plaintiff is the "only known heir and next of kin" is a conclusion of the pleader. No facts are pleaded by which it can be determined whether plaintiff's relationship to the decedent was derived through a common ancestor or through what ancestor or ancestors she claims. "It is not sufficient to allege they are cousins of the deceased, but allegations of fact stating the basis of the relationship, sufficient to require the defendants to answer and to enable the court to determine the truth of the pleadings, were necessary to render the complaint sufficient." (Blyman v. Shelby Loan & Trust

229

Co., 382 Ill 415, 420, 47 NE2d 706 (1943).) We believe this statement applies here. We conclude that the instant complaint was faulty because there were no allegations of fact stating the basis for the alleged conclusion that plaintiff was the "only known heir and next of kin."

As to the will contest being joined in this action in order to avoid a multiplicity of suits, we agree with defendant's contention that it is premature because the will has not been admitted to probate. It has been repeatedly said in this state: "An action to contest a will is a statutory proceeding which cannot be filed until after there is an order admitting the will to probate." (Shelby Loan & Trust Co. v. Milligan, 372 Ill 397, 403, 24 NE2d 157 (1939); Metzger v. Mowe, 8 Ill2d 274, 278, 133 NE2d 19 (1956).) Also, "there can be no contest of a will unless there first be an order admitting the will to probate." Kula v. Sitkowski, 395 Ill 167, 170, 69 NE2d 688 (1946).

However, "it is the general rule that a will, until it has been duly admitted to probate in the proper court, is wholly ineffectual as an instrument or muniment, or as evidence, of title, or to pass title, or to confer rights . . . ." (95 CJS, p 111; 36 ILP Wills § 112; Barnett v. Barnett, 284 Ill 580, 586, 120 NE 532 (1918).) In Crooker v. McArdle, 332 Ill 27, 29, 163 NE 384 (1928), it is said: "A will is not effective for any purpose until it is admitted to probate."

From this rule, we think that it was unnecessary for plaintiff to include in his complaint an action to contest the will which had not been admitted to probate, because this instrument is "wholly ineffective . . . to pass title, or to confer rights . . ." to decedent's real estate until it has been admitted to probate in the Probate Court of Cook County. (Eckland v. Jankowski, 407 Ill 263, 266, 95 NE2d 342 (1950).) Therefore, with no proceedings pending in the Probate

230

Court for the admission of the will to probate, plaintiff's complaint required only allegations of fact "stating the basis of the relationship" to show that plaintiff was an heir at law of decedent, and allegations of fact stating the basis for the prayer to set aside the inter vivos conveyance of decedent's land because it was induced by fraud or false representation.

We conclude that the trial court was correct in striking the instant complaint because there were no allegations of fact stating the basis for the alleged conclusion that plaintiff was the "only heir at law and next of kin," and because of that part of the action which sought to contest the will failed to show that the will had been admitted to probate. However, the dismissal of the action was somewhat precipitous. We think the trial court should have given plaintiff an opportunity to supply, in an amended complaint seeking to set aside only the conveyances, the necessary allegations of fact to support the conclusion that plaintiff is an heir at law of the decedent. (Civil Practice Act, §§ 4, 42, 45.) If defendant then believes that the action should be defeated or dismissed because of the alleged will, Section 48 of the Civil Practice Act provides a method for so doing after it is admitted to probate.

Therefore, for the reasons given, that part of the order which dismissed the action is reversed and the matter is remanded to the trial court with directions to grant leave to plaintiff to file an amended complaint within such time as the trial court may deem reasonable.

Order affirmed in part and reversed in part and remanded with directions.

BURMAN and KLUCZYNSKI, JJ., concur.