**In re William Franklin CHENOWETH and Charmaine Elizabeth Chenoweth, Debtors.**

**Tamalou WILLIAMS, Trustee, Plaintiff/Appellee,**

**v.**

**Charmaine Elizabeth CHENOWETH, J.C. Smothers, Independent Executor of the Estate of Seville Crenshaw, deceased, and Scott Chenoweth, Defendants.**

**Civ. Nos. 91–4247, 91–4248.**

United States District Court, S.D. Illinois, Benton Division.

July 29, 1992.

Terrell L. Sharp, Mt. Vernon, Ill., for plaintiff-appellee.

Michelle Vieira, Winters, Brewster, Murphy, Crosby & Patchett, Marion, Ill., Darrell W. Dunham, Murphysboro, Ill., Don E. Prosser, Gilbert, Kimmel, Huffman & Prosser, Carbondale, Ill., for defendants.

## OPINION

FOREMAN, Senior District Judge:

Before the Court are the consolidated appeals of Charmaine Elizabeth Chenoweth, J.C. Smothers, and Scott Chenoweth. The appellants are appealing the bankrupt-

cy court's September 27, 1991, order granting summary judgment in favor of the bankruptcy trustee and against the appellants on the trustee's complaint to avoid an alleged post-petition transfer and for turnover of estate property.

The bankruptcy court's order was entered in a case or proceeding referred to the bankruptcy judge under 28 U.S.C. § 157 (1988). Thus, this Court has jurisdiction to hear this appeal under 28 U.S.C. § 158 (1988). Because the facts and legal arguments of this case are well-presented in the parties' briefs, the Court finds that oral argument is unnecessary pursuant to Bankruptcy Rule 8012.[1]

## I. FACTS

Appellant Charmaine Chenoweth and her husband filed a joint petition for Chapter 7 bankruptcy relief on March 30, 1990. Appellant's great-aunt, Seville Crenshaw, died less than five months later, on August 26, 1990, leaving a will that named appellant as a one-quarter legatee of the residuary of the great-aunt's estate. The will further provided that if Charmaine Chenoweth predeceased the testator, then Charmaine Chenoweth's son, appellant Scott Chenoweth, was to take the one-quarter share.

The will was admitted to probate on October 12, 1990. Charmaine Chenoweth subsequently executed a disclaimer of her rights as legatee pursuant to the Illinois Probate Act, Ill.Rev.Stat. ch. 110½, ¶ 2–7 (1989). The effect of such a disclaimer is to allow the testamentary gift to be distributed as if the disclaimant had predeceased the decedent. *Id.* Therefore, Scott Chenoweth would receive his mother's one-quarter share.

The bankruptcy trustee entered her appearance in the probate proceedings on February 8, 1991, and filed a petition to

terminate the independent administration of the estate pursuant to section 28–4 of the Probate Act. *Id.* ¶ 28–4. The trustee then filed an adversary complaint in the bankruptcy proceedings to avoid the disclaimer as an unauthorized post-petition transfer of estate property under 11 U.S.C. § 549 and to compel the executor of the estate, appellant J.C. Smothers, to turn over the property to the trustee.

The appellants opposed the trustee's petition in the probate proceeding on the grounds that the trustee was not an "interested person" with authority to file such a petition. The appellants conceded that if Charmaine Chenoweth had acquired or become entitled to acquire any interest by bequest within 180 days of filing for bankruptcy, the property would become property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(5)(A) and, as a result, the trustee would be an interested party in the probate proceeding. However, the appellants argued that under state law, Charmaine Chenoweth did not acquire or become entitled to acquire any interest under Seville Crenshaw's will until it was admitted to probate on October 12, 1990, which was 196 days after Chenoweth's bankruptcy petition was filed. The trustee argued that as a matter of federal law, Charmaine Chenoweth's interest arose at the date of the testator's death, which was within 180 days after the bankruptcy petition was filed.

The probate court issued an order on April 23, 1991, finding that the bankruptcy trustee was not an interested party. *In re Crenshaw*, No. 90–P–125, slip op. at 2 (Circuit Court of the First Judicial Circuit, Williamson County, Illinois April 23, 1991) (Wilson, J.). In reaching this conclusion, the probate judge stated:

> or set of issues has been recently authoritatively decided; or (3) the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.
>
> Bankruptcy Rule 8012.

---

1. Rule 8012 provides that oral argument shall be allowed in all cases
 unless the district judge or the judges of the bankruptcy appellate panel unanimously determine after examination of the briefs and record, or appendix to the brief, that oral argument is not needed....
 Oral argument will not be allowed if (1) the appeal is frivolous; (2) the dispositive issues

The determination of whether Charmaine Chenoweth's interest in decedent's estate is part of her bankruptcy estate is controlled by 11 U.S.C. § 541, and is pending presently before the Bankruptcy Court. It is not an issue before this Court.

This Court must decide whether, under the facts and situation now, the Trustee is an interested person, or party, here. An interested person is one who possesses a personal claim or right which is capable of being affected, or stated another way, one who has a direct, pecuniary, existing interest, which would be detrimentally affected.

At this point, the Trustee does not have such an existing interest. Therefore, the Trustee is not an interested party under the Statute under the existing facts.

*Id.* at 1–2.

The trustee subsequently filed a motion for summary judgment on the adversary action pending in the bankruptcy court. The appellants responded with their own motions for summary judgment, once again arguing that the legacy to Charmaine Chenoweth did not become part of her bankruptcy estate under 11 U.S.C. § 541 because she did not acquire or become entitled to acquire any interest until the will was admitted to probate on October 12, 1990, more than 180 days after Chenoweth filed her bankruptcy petition. In making this argument, the appellants urged the bankruptcy court to apply the doctrine of collateral estoppel by finding that the issue had already been resolved by the probate court's order. They argued that the probate court, in finding that the trustee had no interest in the probate proceeding, necessarily ruled that under state probate law, Charmaine Chenoweth had not acquired or become entitled to acquire an interest in the Seville estate within the 180–day period. The trustee argued that the probate court order was not dispositive of the issue because federal bankruptcy law, rather than state probate law, determined whether or not the legacy became part of Chenoweth's bankruptcy estate.

The bankruptcy court found in favor of the trustee. *In re Chenoweth,* 132 B.R. 161 (Bankr.S.D.Ill.1991). The bankruptcy court agreed that it must look to state property law to determine the debtor's interest in property. However, upon examining Illinois law, the bankruptcy court found that Charmaine Chenoweth's interest arose upon the death of the testator, rather than the date upon which the will was admitted to probate. The appellants have appealed the bankruptcy court's order, arguing that once the bankruptcy judge determined that state law defined the nature of the debtor's interest in property, the bankruptcy judge erred in refusing to find that the trustee was collaterally estopped from relitigating an issue that was already decided by the probate court. They further argue that the bankruptcy judge wrongly concluded that Charmaine Chenoweth's interest arose upon the death of the testator.

## II. ANALYSIS

■ In a bankruptcy appeal, the bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankruptcy Rule 8013. *See also In re Excalibur Auto. Corp.,* 859 F.2d 454, 458 (7th Cir.1988); *In re Evanston Motor Co.,* 735 F.2d 1029, 1031 (7th Cir.1984). In this case, however, only questions of law are concerned. Therefore, the district court reviews the bankruptcy court's ruling *de novo. In re Sanderfoot,* 899 F.2d 598, 600 (7th Cir. 1990), *rev'd on other grounds,* —— U.S. ——, 111 S.Ct. 1825; 114 L.Ed.2d 337 (1991); *In re Evanston Motor Corp.,* 735 F.2d at 1031.

Two issues are presented for review in this appeal: (1) whether the bankruptcy court erred in denying collateral estoppel effect to the probate court's order; and (2) whether the bankruptcy court erred in determining that Charmaine Chenoweth acquired or became entitled to acquire an interest by bequest within 180 days after she filed her petition for bankruptcy relief.

### A. Collateral Estoppel

■ There are four requirements to apply the doctrine of collateral estoppel: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must be fully represented in the prior action. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987).

■ The issue before the bankruptcy court was whether Charmaine Chenoweth had acquired or became entitled to acquire an interest by bequest within 180 days after she filed her petition for bankruptcy relief. If so, that interest would be property of her bankruptcy estate pursuant to 11 U.S.C. § 541(a)(5)(A). The issue before the probate court, on the other hand, was whether the bankruptcy trustee was an "interested person" in the probate proceeding and, therefore, qualified to file a petition to terminate the independent administration of the probate estate.

The appellants argue that the probate court, in order to determine whether the trustee was an interested party, necessarily had to determine whether Charmaine Chenoweth had acquired or become entitled to acquire an interest by bequest within 180 days after she filed her bankruptcy petition. Their conclusion is based upon the fact that the trustee succeeded to any interest possessed by Chenoweth within the 180–day period. Therefore, because the probate court found that the trustee had no interest in the probate estate, the appellants contend that the probate court decided that Chenoweth had not acquired or become entitled to acquire any interest during the relevant time period.

To the contrary, the Court finds that the probate court expressly declined to decide whether Charmaine Chenoweth had acquired or become entitled to acquire an interest by bequest within 180 days after she filed her bankruptcy petition. The probate court's order states that "[t]he determination of whether Charmaine Chenoweth's interest in decedent's estate is part of her bankruptcy estate is controlled by 11 U.S.C. § 541, and is pending presently before the Bankruptcy Court. It is not an issue before this Court." *In re Crenshaw*, No. 90–P–125, slip op. at 1 (Circuit Court of the First Judicial Circuit, Williamson County, Illinois April 23, 1991) (Wilson, J.). Thus, the probate court did not determine whether or not Chenoweth's interest arose during the 180–day period.

The probate court defined an interested person as "one who possesses a personal claim or right which is capable of being affected, or stated another way, one who has a direct, pecuniary, existing interest, which would be detrimentally affected." *Id.* at 1–2. It is significant that the court concluded that the trustee did not have such an existing interest "at this point." This language suggests that the trustee may acquire such an interest sometime in the future.

When read in its proper context, the probate court order suggests that the trustee lacked a direct, existing interest *at that time* because the bankruptcy court had not yet determined whether the legacy to Charmaine Chenoweth was property of the bankruptcy estate. Thus, contrary to appellants' assertion, the probate court did not decide the same issue that was before the bankruptcy court. In this Court's interpretation, the probate court expressly left it to the bankruptcy court to decide whether Chenoweth's interest was part of the bankruptcy estate; the probate court merely held that until that decision was made, the trustee lacked an existing interest in the probate estate.

The appellants argue that the probate court's order deferred to the bankruptcy court only on the issue of whether federal bankruptcy law, as opposed to state probate law, determined whether Charmaine Chenoweth's interest arose during the 180–day post-petition period. The trustee had argued that under *In re Bentley*, 120 B.R. 712 (Bankr.S.D.N.Y.1990), interpretation of section 541(a)(5)(A) does not require an inquiry into state law; instead, *Bentley* suggests that the federal courts should uniformly apply the decedent's date of death

as the date upon which a debtor acquires or becomes entitled to acquire property by bequest, devise or inheritance. The appellants contend that the probate court, in finding that the trustee had no existing interest in the probate estate, implicitly held that Chenoweth did not acquire or become entitled to acquire any interest under state law until the testator's will was admitted to probate. They argue that the trustee would subsequently gain an interest in the probate estate only if the bankruptcy court held, as a matter of federal law, that a debtor's interest in a bequest arises upon the death of a testator, as suggested in *Bentley*.

The appellants' interpretation reads far more into the order than appears on its face. Although their interpretation may be plausible, the Court agrees with the bankruptcy court that other interpretations are equally plausible. As the bankruptcy court put it, there are "too many things left hanging" and it is far from clear what the probate court actually decided. Report of Proceedings, Hearing on Motions for Summary Judgment, at 21–11 (July 2, 1991). Because of this uncertainty, the bankruptcy court properly declined to apply collateral estoppel against the trustee. *In re Spector*, 22 B.R. 226, 231 (Bankr.N.D.N.Y. 1982) ("It is well settled that '[r]easonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel.'")

█ Moreover, the probate court lacked jurisdiction to make the determination urged by the appellants. As the bankruptcy court points out, application of section 541 of the Code involves questions of both state and federal law. The courts must look to state law to determine whether the nature and extent of a debtor's property interest. *In re Atchison*, 925 F.2d 209, 210 (7th Cir.1991) ("The Bankruptcy Code ... does not define what constitutes an interest in property. Absent a federal provision to the contrary, a debtor's interest in property is determined by applicable state law."), *cert. denied*, —— U.S. ——, 112 S.Ct. 178, 116 L.Ed.2d 140 (1991). However, federal bankruptcy law controls as to whether that property interest becomes property of the bankruptcy estate. Therefore, although a state probate court has authority to interpret and apply state law with respect to ownership and possession of the property in a probate estate, it is beyond the probate court's authority to determine whether a legatee "acquired or became entitled to acquire" property within the meaning of the Bankruptcy Code.

For these reasons, the Court finds that the bankruptcy court did not err in refusing to apply the doctrine of collateral estoppel.

**B. Application of 11 U.S.C. § 541(a)(5)(A) to the Debtor's Legacy**

Section 541 of the Bankruptcy Code specifies what property becomes property of a debtor's bankruptcy estate. At issue in this case is section 541(a)(5)(A), which provides that the bankruptcy estate includes

> [a]ny *interest in property* that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor *acquires or becomes entitled to acquire* within 180 days after such date ... by bequest, devise, or inheritance[.]

11 U.S.C. § 541(a)(5)(A) (emphasis added).

█ As the trustee points out, three elements must be satisfied under section 541(a)(5)(A): (1) there must be a property interest by bequest, devise or inheritance; (2) the property interest must be one that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the bankruptcy petition; and (3) the debtor must acquire or become entitled to acquire this interest within 180 days after the filing of the petition.

█ The first element is satisfied in this case because Charmaine Chenoweth was named as a one-quarter legatee under the will of Seville Crenshaw. Record at Document No. 46, Exhibit A ("In the event that my great-niece, Charmaine Chenoweth, survives me, I give devise and bequeath one-fourth (¼) of my net residuary estate of

whatsoever kind and character and wheresoever situated, to my great-niece, Charmaine Chenoweth, individually."). To determine whether the remaining two elements have been satisfied, however, the Court must determine what property interest, if any, Charmaine Chenoweth acquired within 180 days after she filed her bankruptcy petition.

The appellants rely heavily upon a line of Illinois cases which hold that a will has no legal effect until it has been admitted to probate. *See, e.g., Crooker v. McArdle,* 332 Ill. 27, 29–30, 163 N.E. 384, 385 (1928); *Barnett v. Barnett,* 284 Ill. 580, 586, 120 N.E. 532, 534–35 (1918); *Stull v. Veatch,* 236 Ill. 207, 213, 86 N.E. 227, 229 (1908); *Krasauski v. Birbalas,* 46 Ill.App.2d 226, 197 N.E.2d 140, 142–43 (1st Dist.1964). Thus, they argue that Charmaine Chenoweth did not acquire or become entitled to acquire any interest until the will was admitted to probate 196 days after Chenoweth filed her bankruptcy petition.

The bankruptcy court acknowledged that a will is not effective to transfer legal title until after it has been admitted to probate. *In re Chenoweth,* 132 B.R. at 164–65. However, the court stated that "[w]hile admission to probate provides legal recognition of rights under a will, the property interest of one taking under a will does not arise from the probate proceeding but from the will itself." *Id.* at 165. The court pointed out that a will is no longer ambulatory upon the death of the testator and, therefore, the rights of those taking under the will become fixed and unchangeable at that time. The court further noted that once the validity of the will has been established by admission to probate, title to both real and personal property is deemed to relate back to the date of the testator's death and is legally effective from that date. *Id.*

Under this analysis, the bankruptcy court concluded that the appellants had confused "legal recognition of the devisee's interest, which occurs through probate of the will, with creation of the property interest itself, which occurs when the will becomes effective upon the death of the testator. Probate, rather than creating the devisee's property interest, merely serves to validate an already existing right." *Id.* at 165. The court, therefore, held that Charmaine Chenoweth had acquired or become entitled to acquire an interest in property at the time of Seville Crenshaw's death, which was within 180 days after Chenoweth had filed her bankruptcy petition.

This Court concurs with the bankruptcy court's analysis. As indicated by the foregoing discussion of the common law precedents, it is clear that a legatee does not acquire good legal title to property under a will until the instrument is validated by being admitted to probate. But section 541(a)(5)(A) of the Bankruptcy Code is not limited to property to which a debtor has obtained title during the 180 period after filing for bankruptcy. Rather, the Code also includes property that the debtor "becomes entitled to acquire" during the relevant period.

The Code does not define when a debtor becomes entitled to acquire property. However, the ordinary meaning of the word "entitle" is "to give a right or legal title to.... To qualify for; to furnish with proper grounds for seeking or claiming." Black's Law Dictionary 532 (6th ed. 1990). Acquire means "[t]o gain by any means, usually by one's own exertions; to get as one's own; to obtain by search, endeavor, investment, practice, or purchase; receive or gain in any manner; come to have." *Id.* at 24. Thus, a debtor becomes entitled to acquire a property interest within the meaning of the Bankruptcy Code when the debtor qualifies for, or has proper grounds for seeking or claiming ownership of the property.

Under this interpretation, Charmaine Chenoweth became entitled to acquire part of Seville Crenshaw's estate immediately upon the testator's death. It was at that moment that Chenoweth had proper grounds to claim ownership in the property under the will; she needed only to have her title legally established through probate of the will. In this sense, the interest in a will is much like a lottery player's interest in a

winning ticket. The winning numbers have already been drawn and the player has a ticket in hand that bears the winning numbers. Thus, the player is entitled to claim the winnings. However, before the player receives any money, the player must first have the ticket verified.

Taken one step farther, the Court finds that Charmaine Chenoweth actually acquired a property interest—as opposed to merely being entitled to acquire an interest—as a result of the legacy in the will and Seville Crenshaw's death. An "interest" is "the most general term that can be employed to denote a right, claim, title, or legal share in something." Black's Law Dictionary 812 (6th ed. 1990). Here, although Chenoweth did not acquire actual legal title to the legacy property at the time of the testator's death, she did acquire an interest in the form of a cause of action—i.e., the right to institute a judicial proceeding to establish her legal title to the property.

Causes of action are among the property interests that become property of a debtor's bankruptcy estate under section 541(a)(1). See S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978); H.R.Rep. No. 595, 95th Cong., 2d Sess. 367 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 5868, 6323 (section 541(a)(1) "includes all kinds of property, including tangible and intangible property, causes of action ..., and all other forms of property currently specified in section 70a of the Bankruptcy Act...."). Therefore, this property interest would have been included in Charmaine Chenoweths' bankruptcy estate if she had acquired it prior to filing her bankruptcy petition. Because this cause of action arises out of a bequest or devise and was acquired within 180 days after the bankruptcy filing, it is also includable in her bankruptcy estate as after-acquired property under section 541(a)(5)(A).

Appellants seize upon generalized language in the Illinois cases to argue that a will confers no rights whatsoever until it is admitted to probate. See, e.g., Crooker v. McArdle, 332 Ill. 27, 29, 163 N.E. 384, 385 (1928) ("A will is not effective for any purpose until it is admitted to probate."); Krasauski v. Birbalas, 46 Ill.App.2d 226, 197 N.E.2d 140, 142–43 (1st Dist.1964) ("[I]t is the general rule that a will, until it has been duly admitted to probate in the proper court, is wholly ineffectual as an instrument or muniment, or as evidence, of title, or to pass title, or to confer rights....."). This language must be taken in its proper context. A careful reading of these cases shows that they all follow the general rule that a will has no legal effect until it is admitted to probate. Thus, when the cases state that a will does not confer any rights until it is admitted to probate, the cases must be referring to rights that are granted or set forth in the will itself.

In this case, Charmaine Chenoweth's right of action is not granted or set forth in the will. Although her cause of action is derived from her status as a legatee under the will, her right to seek a legal determination of her property rights is based upon the Illinois Probate Act. Ill.Rev.Stat. ch. 110½, ¶ 6–1 (1989) (any interested person may issue an attachment and compel the production of the will); id. ¶ 6–3 (if executor fails to institute a proceeding to have the will admitted to probate, any interested person may file a petition to deny the executor the right to act as executor); id. ¶ 1–2.11 ("Interested person" in relation to any particular action, power or proceeding under this Act means one who has or represents a financial interest, property right or fiduciary status at the time of reference which may be affected the action, power or proceeding involved, including without limitation an heir, legatee, creditor, person entitled to a spouse's or child's award and the representative.") (emphasis added). These rights are necessarily effective before a will has been admitted to probate.

Several federal courts have addressed the same or a similar issue as that pending before this court, and the majority have held that a debtor acquires or becomes entitled to acquire a legacy or inheritance upon the death of the testator/decedent. In re Bentley, 120 B.R. 712, 715 (Bankr. S.D.N.Y.1990) (debtor became entitled to acquire a bequest at death of testator even

though will was not admitted to probate within 180 days after bankruptcy petition filed); *In re Elliott*, 81 B.R. 460, 462 (Bankr.N.D.Ill.1987) (property became part of debtor's bankruptcy estate by inheritance even though will construction suit was not decided until more than 180 days after debtor filed bankruptcy petition); *In re Means*, 16 B.R. 775, 776 (Bankr.W.D.Mo. 1982) (debtor's share of real and personal property under will became part of bankruptcy estate at time of testator's death even though debtor did not obtain legal title to the personal property until an order of distribution was entered).

The Court has found one federal decision which holds otherwise. *In re Powell*, 92 B.R. 378 (Bankr.W.D.Mo.1988). However, that decision was based, at least in part, upon an erroneous interpretation of section 541(a)(5)(A). Specifically, the *Powell* court found that a bequest, legacy or inheritance does not become part of the bankruptcy estate unless it was an interest of the debtor that was in existence at the time of filing the bankruptcy petition. The flaw in this analysis was well-stated in *In re Bentley*, 120 B.R. at 716:

> It is evident from the language of Code § 541(a)(5) and from its predecessor under the former Bankruptcy Act that it is intended to be an after-acquired property clause. Code § 541(a)(5) would be superfluous unless so interpreted since any property that was an interest of the Debtor *at the time of filing* would already be incorporated into the estate by virtue of Code § 541(a)(1).

120 B.R. at 716 (footnote omitted) (emphasis in original). This Court, therefore, declines to follow the *Powell* decision.[2]

Based upon the foregoing analysis, the Court finds that the bankruptcy court correctly concluded that Charmaine Chenoweth acquired or became entitled to acquire an interest in property by bequest or devise

upon the date of Seville Crenshaw's death. Because this event occurred within 180 days after Chenoweth filed her bankruptcy petition, the debtor's interest became property of her estate pursuant to 11 U.S.C. § 541(a)(5)(A). Accordingly, the Court hereby AFFIRMS the bankruptcy court's decision granting summary judgment in favor of the bankruptcy trustee and against the appellants.

IT IS SO ORDERED.

---

**2.** The Seventh Circuit has not directly addressed the issue of when a debtor acquires or becomes entitled to acquire a legacy or inheritance within the meaning of section 541(a)(5). In a recent case, the court stated in dictum that if the debtor's father had died within 180 days after the debtor filed for bankruptcy, then the debtor's bequest under the father's will would have been includable in a Chapter 7 bankruptcy estate pursuant to section 541(a)(5). *In re Lybrook*, 951 F.2d 136, 137 (7th Cir.1991). The court, however, provided no authority or analysis to support this statement. Moreover, because the statement was not necessarily involved or essential to the court's ruling, the statement lacks the precedential force of an adjudication.