GEORGE R. MAKEPEACE, plaintiff in error, v. AMOS M. MOORE, defendant in error.

*Error to Kane.*

An administrator may assign a promissory note payable to his intestate so as to vest the legal interest in the assignee.

An administrator succeeds to the legal title to the personal estate of his intestate, and the title takes effect by relation from the death of the latter.

As a general principle, an administrator has the power to dispose of the personal estate of his intestate, and it cannot be followed into the hands of the alienee. There are, however, exceptions to this rule, as where the purchaser knows, or has reason to believe, that the sale is made with a design to misapply the funds; or where property is transferred by the administrator in payment of a private debt; or where it is sold for a grossly inadequate price.

ASSUMPSIT, in the Kane Circuit Court, brought by the defendant in error against the plaintiff in error, and heard before the Hon. Theophilus L. Dickey, at the January special term, 1849, who found the issues for the plaintiff and assessed his damages at the sum of $172·78, when the defendant moved in arrest of judgment. At the April term following, the motion was overruled by the Court, and judgment rendered for the amount of the damages assessed.

The suit was brought upon a promissory note executed by Makepeace to Harvey Bristol or bearer. It was alleged in the declaration that the said Bristol died intestate, that letters of administration on his estate were duly granted to Joel McKee and Elijah S. Town, and that they, as the administrators, "indorsed and delivered the said note" to the plaintiff, "who then and there became the legal owner and bearer of the said note," &c.

*I. G. Wilson,* for the plaintiff in error.

The decision of the question involved in this cause depends on the construction of our statute. It is insisted by the plaintiff in error:

I. That our Statute of Wills gives an administrator no right to sell or dispose of choses in action belonging to his intestate, except in cases of desperate or doubtful debts.

Our statute requires an administrator to collect the debts due to the intestate.

Having no right to sell and assign, the administrators in this case could confer no title to the note so as to maintain an action.

II. By the Common Law a note is not assignable. It is only by virtue of the Statute of Anne and subsequent Acts that promissory notes are assignable in England. The English decisions are therefore based on statutory provisions and can have no authority here, except so far as our own statute must necessarily receive the same construction.

Our statute provides for the assignment of notes "in the same manner" as bills of exchange are, and "by the persons to whom they are made payable."

By the term "in the same manner," is it intended to create all the liabilities of an ordinary indorsement, or, on the other hand, does it not refer to the mode of making the assignment?

Again: Would the indorsee have any remedy over against the estate of the administrator's intestate in case of failure to collect of the maker ? Surely not, as an administrator cannot, by the new contract arising on the indorsement, bind the estate.

Would the indorser have any remedy against the indorsee in his individual capacity? It would seem not, after having received the note under an assignment from him as administrator, unless indeed he might recover back what he paid for the note on the ground that the administrator had obtained his money without giving him title to the note.

The language of our statute is, that the person to whom said note is made payable may indorse the same.

Why was it necessary to pass a special statute giving the administrator the right to apply to the Probate Court for an order to sell doubtful debts, if he already had the power to

dispose of debts due the estate ?   It is an indirect admission
that the administrator has not the legal right to dispose of
debts except in that particular case.   And if he has not the
right, then he cannot confer title on his indorsee, and there-
fore the indorsee can sustain no action in his own name.

The law has prescribed the limits within which an admin-
istrator may act.   He is to collect the debts, not to sell them
except under the order of the Probate Court.   And it is not
a sufficient answer to say that if he disposes of a debt, that
he is liable for the amount, inasmuch as he may sell a good
demand and himself and his sureties become insolvent so
that the avails would be lost to the estate.

*W. B. Plato*, and *J. O. Glover & B. C. Cook*, for the
defendant in error.

The construction given to the Statute of Anne, (which is
not materially different from ours,) by the English author-
ities is, that an executor or administrator of a person to
whom a promissory note is made payable, may assign the
same so as to enable the assignee to sue in his own name.
*Stone* v. *Rawlinson*, Willes, 559 ; Rev. Stat. 384 ; Chitty on
Bills, 517 ;   2 Williams on Executors, 796 ; *Valentine* v.
*Jackson*, 9 Wend. 302.

The reason assigned is, that the legal title of the personal
assets of the testator or intestate is vested in the executor
or administrator, and the executor or administrator may dis-
pose of the same for a valuable consideration, and the
contract will be obligatory.   This doctrine is sustained by our
own Supreme Court.   *McConnell* v. *Hodson*, 2 Gilm. 640.

The Opinion of the Court was delivered by

Treat, C. J.   The record presents the single question,
whether an administrator can assign a promissory note pay-
able to his intestate so as to vest the legal interest in the
assignee.   On the score of principle and authority, the an-
swer must be in the affirmative.   The administrator suc-
ceeds to the legal title to the personal estate, and the title

takes effect by relation from the death of the intestate. As a general principle, he has the power to dispose of the personal effects, and they cannot be followed into the hands of the alienee. He has to sell the property in order to pay the debts against the estate and make distribution of the surplus among the heirs, and purchasers would not be disposed to deal with him if they were liable to be afterwards called to account. There are exceptions to the rule, as where the purchaser knows, or has reason to believe, that the sale is made with a design to misapply the funds ; or where property is transferred by the administrator in payment of a private debt ; or where it is sold at a grossly inadequate price. In such cases, those interested in the estate may treat the administrator as personally liable, or pursue the property into the hands of the purchaser. 2 Williams on Executors, 796 ; *McConnell* v. *Hodson,* 2 Gilm. 640. In this case, there is nothing to impeach the fairness of the transaction, and the assignment must be sustained if the administrator had the legal power to make it. The statute authorizes the payee of a promissory note by indorsement in writing to transfer the absolute legal interest. By operation of law, the administrator is vested with the legal interest to as full an extent as the intestate possessed it. Having the right to receive payment of the note, to sue upon it in his own name, and dispose of it by sale, it follows that he may transfer the legal title to another. The objection that he is not within the letter of the statute, and therefore not competent to make the assignment, is entitled to but little consideration. In the case of *Stone* v. *Rawlinson,* Willes 559, the Court held, under a similar provision in the Statute of Anne, that the administrator of the payee could assign a promissory note so as to enable the indorsee to sue on it in his own name ; and the decision was put distinctly on the ground that the terms of the statute authorized the person in whom the legal estate was vested to pass and transfer the estate by assignment. Such is the reasonable construction to be given to our statute. Whether the

assignee may charge the estate on failure to collect the note of the payee, or whether he may hold the administrator personally liable, are questions that now do not arise and need not therefore be discussed. The power conferred on the administrator to compound or sell desperate or doubtful debts due the estate, under the direction of the Probate Court, does not imply that he has no power to assign a promissory note belonging to the estate. If he disposes of the note without obtaining the direction of the Court to do so, he is chargeable with the amount due upon it; if he acts under the sanction of the Court, he is only to be charged with the amount he actually received. The object of the provision is to facilitate the settlement of estates by the disposition of doubtful claims for the best price that can be obtained for them.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*