## William Hardy v. Fred Wallis, Adm'r.

1. ADMINISTRATION OF ESTATES—*Duty of Heirs Until Administrator is Appointed.*—While the title of the personalty passes to the administrator when appointed, and relates back to the date of the death of the intestate, still that can not make the intervening possession of the heirs wrongful. It is their right and duty to take possession of and preserve the property until an administrator can be appointed.

2. SAME—*Interest of Heirs in Property Subject to Execution.*—Subject to the due administration of the estate, the heirs are owners in common of the residue of the property remaining for distribution. An officer may discover property belonging partly to the defendant in the execution and partly to others, and seize the same upon levy for the purpose of selling such interest. The several owners may be co-tenants or they may be co-partners. In either event the defendant has an interest subject to execution.

3. DEMAND—*Constable Entitled to Demand from Administrator.*—A constable having taken possession, rightfully, of property before an administrator has been appointed over it, is entitled to a demand by the

administrator after he is appointed. He has a right to surrender the property to the administrator upon his being appointed, without subjecting himself to costs.

Replevin.—Appeal from the Circuit Court of Bureau County; the Hon. HARVEY M. TRIMBLE, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

C. N. HOLLERICH and J. L. MURPHY, attorneys for appellant.

HORACE R. BROWN and CAIRO A. TRIMBLE, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN' delivered the opinion of the court.

This is an action of replevin brought by Fred Wallis, as administrator of the estate of Mary Wallis, deceased, against William Hardy, a constable, for the possession of certain chattels which the latter had levied upon under an execution against William Wallis, a son of decedent. The proceedings were instituted before a justice of the peace of Bureau county. The defendant failed to appear. A judgment was rendered against him and he appealed the case to the Circuit Court where a trial was had with a jury. The second trial also resulted in a verdict and judgment against defendant, who brings the case to this court by appeal. Various grounds are urged for the reversal of the judgment.

It is contended that the affidavit in replevin is insufficient. Conceding this to be true it must be unavailing to the defendant for the reason that the point was not made in the court below. It is too late to raise it here for the first time.

No demand was made upon the defendant for the surrender of the property to the plaintiff prior to the commencement of the suit. The defendant asked and the court refused instructions stating that such demand was necessary. William Wallis owned the property in controversy and used it in connection with a restaurant conducted by

him at Spring Valley.   After he had been conducting the restaurant business for some time, his father, mother, sisters and a brother also moved to Spring Valley and worked with him in and about the restaurant.   January 10, 1901, William Wallis confessed a judgment before a justice of the peace of Bureau county in favor of William Guenther for milk which the latter had furnished him and which was used in the restaurant.   An immediate execution was sworn out upon said judgment and placed in the hands of the defendant to execute.   On the same day that the execution was issued, the property in question was pointed out to the constable by William Wallis as his property.   It was levied upon and possession thereof was taken by the defendant upon the execution.

In January, 1900, Mary Wallis left Spring Valley and went to visit a daughter at Bradford, in the same county, where she died August 8, 1900.   January 31, 1901, Fred Wallis, also a son of Mary Wallis, took out letters of administration on her estate in the County Court of Bureau County and immediately instituted this suit against the defendant as constable, without a demand.   He claims the property under a bill of sale from William Wallis to Mary. Wallis, dated March 17, 1902.

The defendant sought to show that the bill of sale was not delivered in the lifetime of Mary Wallis, and that William Wallis continued to be the proprietor of and exercise the rights of proprietorship over the property in question until the levy was made.   The testimony upon the question of the delivery of the bill of sale given by the heirs of the decedent is very conflicting, contradictory, and to say the least, of an unsatisfactory character.

The main question, however, is, assuming that the decedent held the title to the property in question at the time of her death, was a demand necessary?   It appears that she died August 8, 1900, intestate; that the property in question remained in the joint use and possession of her heirs to the time the levy was made.   The property was pointed out to the constable by William Wallis, one of the heirs of

the decedent. The others made no protest against its seiz-ure upon the execution. It is evident that administration of the estate up to this time was never contemplated by any of the heirs. Letters of administration were not applied for or issued until some time after the levy of the execution.

While the title of the personalty passes to the adminis-trator when appointed, and relates back to the date of the death of the intestate, still that can not make the interven-ing possession of the heirs wrongful. It was their right and duty to take possession of and preserve the property until an administrator could be appointed. The heirs were all interested in the property. They had such interest therein as would entitle them to have the property or the proceeds thereof returned to them by the administrator after the payment of the costs of administration and the debts of the decedent.

We think under the circumstances of this case that Will-iam Wallis had an interest in the property subject to levy upon the execution, and that his interest might be sold thereon. The purchaser, however, might be deferred in receiving any benefit therefrom until it could be ascertained by a proper administration of the estate what share of the proceeds he was entitled to.

Subject to the due administration of the estate, the heirs are owners in common of the residue of the property remaining for distribution. An officer may discover prop-erty belonging partly to the defendant in the execution and partly to others, and seize the same upon levy for the pur-pose of selling such interest. The several owners may be co-tenants, or they may be co-partners. In either event, the defendant has an interest subject to execution. Free-man on Executions, Sec. 254.

The constable having taken possession rightfully of this property was entitled to a demand by the administrator. He had a right to surrender the property to the adminis-trator upon his being appointed, without subjecting himself to costs. We hold that the court erred in refusing to instruct the jury that a demand was necessary.

Various rulings of the trial court were improper. John Wallis, husband of the decedent, having testified to his wife's ownership of the property, the court erred in refusing to permit him to be asked on cross-examination, if he had not made statements at various times and places to parties named in the interrogatories which would tend to contradict the testimony he had given in chief. The court also erred in refusing to admit proof that there was a sign kept upon the restaurant, "William Wallis, proprietor," and also improperly refused proof relating to the character of the advertisements about the place, showing that William Wallis was proprietor at a date subsequent to that of the alleged bill of sale. The court also improperly refused to admit the bills of fare used in the restaurant at that time which were signed "William Wallis, proprietor." The court properly refused to permit William Wallis to testify to facts occurring in the lifetime of the decedent. He was an interested party and an incompetent witness under the statute. The court, however, erred in refusing to permit him to testify on behalf of defendant as to matters which occurred subsequent to the death of the decedent. The same is true as to William Guenther, plaintiff in the execution.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.