**In re William Franklin CHENOWETH and Charmaine Elizabeth Chenoweth, Debtors.**

**Tamalou WILLIAMS, Trustee, Plaintiff,**

v.

**Charmaine E. CHENOWETH, et al., Defendants.**

**Bankruptcy No. BK 90–40398. Adv. No. 91–4007.**

United States Bankruptcy Court, S.D. Illinois.

Sept. 27, 1991.

Terry Sharp, Mt. Vernon, Ill., for Tamalou Williams.

Darrell Dunham, Carbondale, Ill., for Charmaine Chenoweth.

Don E. Prosser, Carbondale, Ill., for J.C. Smothers.

Michelle Vieira, Marion, Ill., for Scott Chenoweth.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

Debtor Charmaine Chenoweth and her husband filed a joint petition for Chapter 7 bankruptcy relief on March 30, 1990. On August 26, 1990, within 180 days after the date of the petition, the debtor's great-aunt, Seville Crenshaw, died, leaving a will which named the debtor as a one-quarter legatee of her aunt's estate. The will of Seville Crenshaw was not admitted to probate until October 12, 1990, more than 180 days after the filing of the debtor's bankruptcy petition.

On November 26, 1990, the debtor executed a disclaimer of her rights as legatee under the will of Seville Crenshaw pursuant to the Illinois disclaimer statute. *See* Ill.Rev.Stat., ch. 110½, ¶ 2–7 (1989). The effect of this disclaimer was to transfer the debtor's interest under the will to her son, Scott Chenoweth.

On February 28, 1991, the trustee of the debtor's bankruptcy estate filed this action to avoid post-petition transfer and for turnover. The trustee alleges that upon the death of the debtor's great-aunt within 180 days of the bankruptcy filing, the debtor acquired or became entitled to acquire an interest in property as legatee under her great-aunt's will. As a result, the trustee contends that the debtor's interest under the will constitutes property of the debtor's bankruptcy estate pursuant to the after-acquired property provision of 11 U.S.C. § 541(a)(5) and that the disclaimer of inheritance executed by the debtor on November 26, 1990, was an unauthorized postpetition transfer of estate property that may be avoided under § 549 of the Bankruptcy Code. *See* 11 U.S.C. § 549(a).

The debtor opposes the trustee's action, contending that she acquired no interest under the will of Seville Crenshaw until the will was admitted to probate more than 180 days after the date of her bankruptcy petition. The debtor asserts that under Illinois law, admission of a will to probate effects the transfer of real and personal property under the testator's will, at which time title to the property relates back to the date of the testator's death. The debtor contends that because the will was not admitted to probate within the 180 day period of § 541(a)(5), she acquired no interest in property during that time that could be claimed by the trustee as property of her bankruptcy estate.

The trustee has filed a motion for summary judgment seeking a determination that the debtor "acquired or became entitled to acquire" an interest in property under the will of Seville Crenshaw upon her death within 180 days of the debtor's bankruptcy petition. The debtor and the other defendants, Scott Chenoweth and the independent executor of the decedent's estate, have all filed counter-motions for summary judgment, contending that the debtor acquired no interest in the decedent's estate until admission of the will to probate more than 180 days after the bankruptcy filing.[1]

Section 541(a)(5)(A) includes as property of a debtor's bankruptcy estate:

(5) Any *interest in property* that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor *acquires or becomes entitled to acquire* within 180 days after such date—

---

1. The three defendants assert identical positions concerning the debtor's interest in property for purposes of § 541(a)(5)(A). Accordingly, the Court's discussion of "the debtor's" argument will be equally applicable to the other two defendants.

(A) by bequest, devise, or inheritance[.] [2]

11 U.S.C. § 541(a)(5)(A) (emphasis added).

■ The inclusion in § 541(a)(5)(A) of interests which the debtor "acquires or becomes entitled to acquire" within 180 days after bankruptcy makes this provision materially different from the relevant statute under § 70a of the former Bankruptcy Act, which did not purport to include property which the debtor "becomes entitled to acquire" but only such property "which *vests* in the bankrupt within six months after bankruptcy by bequest, devise, or inheritance...." 11 U.S.C. § 110(a), ¶ 2 (1976) (emphasis added); *see In re Detlefsen*, 610 F.2d 512, 520 (8th Cir.1979); *see also In re Watson*, 65 B.R. 9, 11 (Bankr.C.D.Ill.1986); *In re Lewis*, 45 B.R. 27, 29, n. 1 (Bankr. W.D.Mo.1984). The "entitled to acquire" language of § 541(a)(5)(A) results in a much broader definition of property of the estate for testamentary interests arising after bankruptcy and manifests Congress' intent to capture such interests for the trustee and the bankruptcy estate. As such, § 541(a)(5)(A) overrides the applicable state law of disclaimer and supersedes the debtor's right to renounce an interest to which he becomes entitled within 180 days of filing his petition. *See In re Atchison*, 101 B.R. 556, 558 (Bankr.S.D.Ill.1989), *aff'd* 925 F.2d 209 (7th Cir.1991).

■ Federal law is controlling on the issue of what constitutes property of a debtor's bankruptcy estate. Section 541(a)(5), as an exception to the general rule that a debtor's estate consists of all legal and equitable interests in property upon commencement of the case, incorporates into the estate certain property interests that arise after the date of filing. The Bankruptcy Code, however, does not define a debtor's "interest in property," and, absent a federal provision to the contrary, a

debtor's interest in property is determined under state law. *In re Atchison*, 925 F.2d 209, 210 (7th Cir.1991), *petition for cert. filed* (June 14, 1991) (No. 91–82). In the present case, the Court must look to Illinois probate law to determine whether the debtor acquired or became entitled to acquire a property interest under the will of Seville Crenshaw upon her death and prior to admission of the will to probate.

■ As the debtor asserts, Illinois law requires that a will be duly admitted to probate before it is effective to transfer title as a deed or other instrument of title. *Barnett v. Barnett*, 284 Ill. 580, 586, 120 N.E. 532, 534–35 (1918); *Stull v. Veatch*, 236 Ill. 207, 213, 86 N.E. 227, 229 (1908); *see* Ill.Rev.Stat., ch. 110½, ¶ 4–13 (1989). The purpose of probate is to establish the legal status of the will and furnish record evidence of the rights to property existing under the will. *Ashmore v. Newman*, 350 Ill. 64, 81, 183 N.E. 1, 8 (1932); *Havill v. Havill*, 332 Ill. 11, 15–16, 163 N.E. 428, 430 (1928); *Crooker v. McArdle*, 332 Ill. 27, 29, 163 N.E. 384, 385 (1928). In the case of real estate so devised, probate of the will gives the devisee a legally recognized interest that, because recorded, may be asserted against subsequent purchasers. *See Eckland v. Jankowski*, 407 Ill. 263, 266, 95 N.E.2d 342, 343 (1950).

■ Similarly, a will transferring personal property must be probated before legatees obtain the legal right to possess and enjoy the assets. The executor, as a *quasi* trustee for creditors, distributees, and legatees, takes legal title to the personal estate of the decedent in order to pay debts and other costs of administration. *See Wilmere v. Stibolt*, 152 Ill.App.3d 642, 645, 105 Ill.Dec. 631, 633, 504 N.E.2d 916, 918 (1987): executor or administrator of decedent's estate may maintain action for recovery of personal property of decedent

---

**2.** A "devise" is a testamentary disposition of real property, whereas a "bequest" or "legacy" is the disposition of personalty by will. In strict common law terminology, "legacy" and "devise" do not mean the same thing and are not interchangeable, the latter being used only in relation to real property. However, by construction, the word "legacy" may be extended to

include realty or interests therein. Black's Law Dictionary 452, 891 (6th ed. 1990).

In the present case, the property given to the debtor under the will of Seville Crenshaw consists of both real and personal property. For simplicity purposes, the Court has used the terms "legacy" and "legatee" in discussing the debtor's interest in such property.

but legatees have no standing to file suit on behalf of decedent; *Boghosian v. Mid–City National Bank of Chicago,* 25 Ill. App.2d 455, 459–60, 167 N.E.2d 442, 444 (1960); *see also McLean County Coal Co. v. Long,* 91 Ill. 617, 619 (1879). It is only through the process of probate that legatees acquire title to personalty of the estate by means of a subsequent transfer from the executor or personal representative. *See* 36 Ill.L. & Prac., *Wills,* § 468, at 508 (1958).

■ While admission to probate provides legal recognition of rights under a will, the property interest of one taking under a will does not arise from the probate proceeding but from the will itself. As a testamentary instrument, the will speaks from the death of the testator, and the rights of those taking under the will are fixed and unchangeable as of that time. *Havill v. Havill,* 332 Ill. at 15, 163 N.E. at 429. Upon the death of the testator, the will is no longer ambulatory and cannot be revoked or altered as during the lifetime of the testator. Thus, under Illinois law, real estate owned by the decedent passes directly to the devisee upon the testator's death and not at probate; the executor takes no title or right of possession therein. *Meppen v. Meppen,* 392 Ill. 30, 35, 63 N.E.2d 755, 757 (1945); *see Matter of Estate of Hall,* 127 Ill.App.3d 1031, 1034, 82 Ill.Dec. 844, 846, 469 N.E.2d 378, 380 (1984): title to real property passed immediately upon testator's death so that income from property went to beneficiaries of testamentary trust rather than to executor to pay costs of administration; *see also Scott v. Scott,* 179 Ill.App.3d 489, 492, 128 Ill.Dec. 154, 156, 534 N.E.2d 174, 176 (1989). Personal property, by contrast, is held by the executor as trustee for the payment of debts and the expenses of administration. However, in their capacity as *cestuis que trust,* legatees taking under the will acquire an equitable interest in property of the estate as of the death of the testator. 19 Ill.L. & Prac. *Executors and Administrators,*

§ 73, at 55 (1956); *see Moore v. Brandenburg,* 248 Ill. 232, 236, 93 N.E. 733, 735 (1911); *McLean County Coal Co.* 91 Ill. at 619, 621.

■ In the present case, the will of Seville Crenshaw gave the debtor a one-quarter interest in the residuary estate of the testator, entitling the debtor to receive both real and personal property of the estate. Under Illinois law, the debtor's interest in real estate passed to her immediately upon the death of the testator. Likewise, the debtor acquired an equitable interest in personal property of the estate as of the testator's death, with legal title to pass following completion of administration of the estate.

■ Notwithstanding the rule that real estate passes directly upon the testator's death, the debtor argues that she acquired no interest in property under her great-aunt's will until the will was admitted to probate and title to the real estate related back to the death of the testator. Under the doctrine of "relation back," once the validity of a will has been established by admission to probate, the devisee's title is deemed to relate back to the date of the testator's death and is legally effective from that time. *See Crooker v. McArdle,* 332 Ill. at 29, 163 N.E. at 385. Illinois courts employ the fiction of relation back to protect the devisee's title during the period prior to probate and to validate any actions taken in that time. *Ashmore v. Newman,* 350 Ill. at 81, 183 N.E. at 8.[3]

In arguing that a devisee has no property interest until title relates back upon admission of a will to probate, the debtor confuses legal recognition of the devisee's interest, which occurs through probate of the will, with creation of the property interest itself, which occurs when the will becomes effective upon the death of the testator. Probate, rather than creating the devisee's property interest, merely serves to validate an already existing right. *Id.*

---

**3.** "Relation back" is likewise applied in the case of personal property to extend the executor's title to personalty back to the date of death and validate acts done by the executor prior to his

appointment. *See Ashmore v. Newman,* 350 Ill. at 81, 183 N.E. 1; *Makepeace v. Moore,* 10 Ill. 474, 477 (1849); *Hardy v. Wallis,* 103 Ill.App. 141, 144 (1902).

As discussed above, admission of a will to probate gives the devisee record title to real property under the will that may be asserted against subsequent purchasers. "Relation back" extends the validity of this title back to the testator's death, when the interest actually arose.

The case of *Eckland v. Jankowski*, 407 Ill. 263, 95 N.E.2d 342 (1950), relied upon by the debtor, illustrates the distinction between acquiring an interest in real estate under the will of a testator and obtaining legal recognition of the devisee's title through the process of probate. In *Eckland*, heirs-at-law of the decedent sold real estate owned by the decedent following administration of the decedent's estate as an intestate. Later, a will was found devising the property to a third party who was not an heir. The devisee had the will admitted to probate and asserted that his title related back to the death of the testator, rendering the prior conveyance by the heirs void. The court ruled, however, that where there had been no probate of the will giving the purchasers record notice of the devisee's interest in the property, they were bona fide purchasers not chargeable with notice and their title was good against the devisee who subsequently filed the will for record. *Id.*, 407 Ill. at 268–69, 95 N.E.2d at 344.

The *Eckland* court did not, as argued by the debtor, find that the devisee acquired no interest in the real property of the decedent prior to admission of the will to probate. Rather, the court ruled that, absent probate, the devisee could not *"assert* his title" to land devised to him against intervening purchasers who took without notice of the devisee's interest. *Id.* at 266, 95 N.E.2d at 343.

The issue in the present case is not whether the debtor had record title to the devised real estate that could be asserted against third parties but whether she acquired or became entitled to acquire a property interest under the will that constitutes property of the debtor's bankruptcy estate under § 541(a)(5)(A). The will was effective from the date of death to pass title to the real estate so devised. The debtor was entitled to have this title recorded and made good as against all the world by admission of the will to probate, but it was the will—and not the proving of the will—that gave the debtor her interest in property. The Court finds, therefore, that the real estate devised to the debtor under her great-aunt's will was an interest in property that the debtor "acquired or became entitled to acquire" within the meaning of § 541(a)(5)(A).

The decedent's will likewise gave the debtor an interest in personal property that accrued upon the testator's death. While this was an equitable and not a legal interest, it was a property interest that arose during the 180 day period following bankruptcy. As such, the debtor's interest in personal property comes within the scope of § 541(a)(5)(A) and constitutes property of her bankruptcy estate.

Because the debtor's interest in property under her great-aunt's estate is includable in her bankruptcy estate under § 541(a)(5)(A), her attempt to transfer this interest by disclaimer under state law may be avoided by the bankruptcy trustee under § 549 as a postpetition transfer of property of the estate. For the reasons stated, therefore, the Court finds for the plaintiff trustee and against the debtor and other defendants on their respective motions for summary judgment on the trustee's complaint.