### In re Francis M. WILLIAMS and Dorothy L. Williams, Debtors.

### Bankruptcy No. 98–31514–BKC–SHF.

United States Bankruptcy Court, S.D. Florida.

July 24, 1998.

Robert C. Furr, Furr and Cohen, Boca Raton, FL, Trustee.

Wendy Young, Attorney at Law, Vero Beach, FL, for Debtors.

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTION

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on July 24, 1998, for consideration of the Chapter 7 Trustee's objection to the Debtor's claimed exemption in a life insurance policy. Having considered the objection and the Debtor's response thereto, the Court sustains the Trustee's objection to the Debtor's claimed exemption.

On March 24, 1998, the Debtors, Francis and Dorothy Williams, filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. After the case was filed, Francis Williams died. Dorothy Williams then became entitled to $25,000 as a beneficiary of Francis Williams' life insurance policy. The Debtor has claimed these proceeds as exempt under Florida Statute Section 222.14.

Section 222.14 provides—

The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment, or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor. The Debtor argues that she had the opportunity under the life insurance policy to accept the proceeds in the form of an annuity. As such, she asserts that the proceeds from the life insurance policy should be exempt. She further argues that she alone could make that determination, and that the Trustee had no authority to make that decision. The Court disagrees. The bankruptcy estate consists of all legal and equitable interests of a debtor at the time of the filing of the bankruptcy. In certain instances, this interest is extended for 180 days after the filing of the bankruptcy by Section 541(a)(5). Thus, the Chapter 7 Trustee does obtain from the Debtor the right to determine how the insurance proceeds will be distributed. Further, a debtor cannot make such a decision to avoid the reach of creditors post-petition. Such an action would be similar to a will beneficiary executing a disclaimer of devise under will with the intent to avoid creditors. *See, In re Brajkovic*, 151 B.R. 402 (Bankr.W.D.Tex. 1993) (finding that the pre-petition execution of disclaimer of devise under will was avoidable by the trustee); *In re Chenoweth*, 132 B.R. 161 (Bankr.S.D.Ill.1991) (determining that the post-petition disclaimer of rights under a will was an avoidable post-petition transfer).

The Debtor further argues that the Florida Statute is against public policy. Although the circumstances raised in this case lead to a harsh result, the Court does not find the statute to be against public policy.

In her final argument, the Debtor contends that under Section 522(d)(11)(C) of the Bankruptcy Code, the proceeds are exempt. Section 522 exemptions are applicable only if a state does not "opt out" of the federal exemptions. Pursuant to Florida Statute Section 222.20 "residents of this state shall not be entitled to the federal exemptions provided in s. 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d))." Fla.Stat. Ann. § 222.20 (West 1998). Consequently, the insurance proceeds are not exempt under Florida law. Accordingly, it is

ORDERED that the Trustee's objection to exemptions is sustained.