NOTICE

Decision filed 06/21/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220361-U

NO. 5-22-0361

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* ESTATE OF MAXINE E. SPITLER, Deceased | ) | Appeal from the |
| | ) | Circuit Court of |
| (Peoples State Bank, Newton, Illinois, Independent | ) | Jasper County. |
| Representative of the Estate of Maxine E. Spitler, | ) | |
| Deceased, and as Successor Trustee of the Maxine E. | ) | |
| Spitler Revocable Living Trust, dated January 18, 1994, | ) | |
| as amended, | ) | |
| | ) | |
|     Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 19-P-11 |
| | ) | |
| Thomas Chapman, Kathleen Thomas, Eileen Maneely, | ) | |
| John Chapman, Adam Kornick, Judy L. Hrvatin, Janette | ) | |
| M. Healy, Mary L. Chapman Bruschini, Amy Potts, | ) | |
| Sharon Warnes, Sheryl Lawless, Dorothy Brown, Gail A. | ) | |
| Crawford, Linda G. Brock, Carol Montgomery, Michael | ) | |
| Henry, Margaret Kijonka, Ashley Q. Hesler, Seth Hesler, | ) | |
| Sunrise Youth Center and Community Building, Inc., | ) | |
| Blake Potts, and Unknown Heirs or Legatees of John R. | ) | |
| Spitler and Maxine E. Spitler, Deceased, | ) | |
| | ) | |
|     Respondents-Appellees | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Norma Jean Aldrich and Kelly Aldrich, | ) | Honorable |
| | ) | Martin W. Siemer, |
|     Respondents-Appellants). | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

1

¶ 1    *Held*:   The circuit court erred as a matter of law by granting petitioner's complaint for declaratory judgment, where the court improperly determined that a nonprobated will that had no legal effect at the time was the last, valid, unrevoked will of the decedent.

¶ 2    The instant appeal arises from the order of the circuit court of Jasper County placing all probate and trust assets of Maxine E. Spitler, deceased, into a constructive trust, with distribution of Maxine's assets in accordance with a nonprobated joint and mutual will. For the following reasons, we reverse and remand for further proceedings.

¶ 3                                    I. Background

¶ 4    We limit our recitation to those facts relevant to our disposition of this appeal. On July 11, 1965, John and Maxine Spitler, a married couple with no children, jointly executed a "Joint and Mutual Last Will and Testament" (1965 Will). On November 29, 1981, John died.

¶ 5    On January 7, 1982, Maxine, as executor of the last will and testament of John, petitioned the probate division of the circuit court of Lawrence County to admit the 1965 Will to probate and for letters of testamentary. The court subsequently admitted the will to probate. John and Maxine's 1965 Will stated as follows:

"FIRST: We direct our executor hereinafter named to pay all of our just debts and funeral expenses as soon after our decease as conveniently may be done.

SECOND: We hereby give, devise, and bequeath all of the rest, residue and remainder of our property, real, personal and mixed, and of every kind and character and wheresoever the same may be situated, to the survivor of the two of us.

THIRD: At the death of the survivor of the two of us, we hereby direct that so much of the residue and remainder of our property, real, personal and mixed, and of every kind and character and wherever the same may be situated, as then may remain, be divided into two equal shares, one share of which we hereby give, devise and bequeath to the then legal

2

heirs at law of John R. Spitler, as may be determined by the laws of the descent of the State of Illinois then in force, and the remaining equal share we hereby give, devise and bequeath to the then legal heirs at law of Maxine E. Spitler, as may be determined by the laws of the descent of the State of Illinois then in force.

FOURTH: We hereby nominate, constitute and appoint the survivor of the two of us to be the executor of this, our Joint and Mutual Last Will and Testament, he or she to act without bond. In the event of the inability of said executor to act for any reason, we hereby nominate and appoint G.O. Chapman, of Bridgeport, Illinois, to be the executor of this, our Joint and Mutual Last Will and Testament."

The 1965 Will essentially devised all property to whomever survived, either John or Maxine. Moreover, following the death of the survivor, the 1965 Will required the division of all property into two equal shares, one share to the legal heirs of John, and one share to the legal heirs of Maxine.

¶ 6    On July 1, 1985, during the probate proceedings of John's estate, several siblings of both John and Maxine, including Dorothy Brown, Ira Chapman, G.O. Chapman, Corine Harper, Bertha Jones, and Ruth Crawford (signatories), filed a "Renunciation and Release of All Rights Under Last Will and Testament" (1985 Renunciation). With the belief that the survivor, either John or Maxine, was the sole owner of their property, the signatories stated that they "hereby forever release, relinquish and discharge any claim that each might otherwise assert against any real, personal or mixed property, owned by John R. Spitler, and/or Maxine E. Spitler, arising from the identified" 1965 Will.

¶ 7    On December 6, 1989, the probate division of the circuit court of Lawrence County approved a report indicating that Maxine, as executor, " 'transferred all remaining funds to herself

3

as sole residuary legatee-devisee' " under the 1965 Will.[1] The court closed John's estate on February 19, 1989.

¶ 8    On January 18, 1994, Maxine established her revocable living trust, titled "Maxine E. Spitler Revocable Living Trust" (Trust). On September 23, 1997, Maxine signed an amendment to the Trust. She then signed a first restatement to the Trust on December 10, 2004, a second restatement on August 8, 2008, and a third and final restatement on December 8, 2008. Respondents, Kelly and Norma Jean Aldrich (Aldrich respondents), were named beneficiaries of Maxine's Trust, as amended.[2]

¶ 9    On December 8, 2008, Maxine executed a "pour over" living will and testament (2008 Will), with Maxine's Trust, as amended, named as the sole legatee. Maxine's 2008 Will "revok[ed] all former Wills" and devised her entire probate estate to the acting trustee of Maxine's Trust, as amended, which provided a distribution plan contrary to the terms of the 1965 Will.

¶ 10    On May 1, 2019, Maxine died in Newton, Jasper County, Illinois.

¶ 11    On June 4, 2019, petitioner, the Peoples State Bank, acting as independent representative of Maxine's estate and successor trustee of Maxine's Trust, as amended,[3] petitioned the circuit court of Jasper County to probate Maxine's 2008 Will and requested letters of testamentary issued

---

[1]A record sheet in the record on appeal indicates that the probate division of the circuit court of Lawrence County approved the final report on February 19, 1989; however, the specifics of the final report are not contained in the record on appeal.

[2]The following individuals are members of Chapman respondents and also beneficiaries of Maxine's Trust, as amended: Margaret Kijonka, Ashley Hesler, Seth Hesler, Sunrise Youth Center and Community Building, Inc., and Blake Potts. All individuals, except Blake Potts, filed a response to petitioner's complaint.

[3]The circuit court entered an order on June 4, 2019, declaring petitioner as acting independent legal representative of Maxine's estate and successor trustee of Maxine's Trust.

on behalf of Maxine's estate (19-P-11). Petitioner attached the 2008 Will, three letters of office,[4] and a proof of heirship. That same day, the court admitted the 2008 Will to probate.

¶ 12    On June 13, 2019, petitioner filed a certificate of mailing notices to Maxine's heirs, including Dorothy Brown (sister), Thomas Chapman (nephew), Kathleen Thomas (niece), Eileen Maneely (niece), John Chapman (nephew), Adam Kornick (great nephew), Judy L. Hrvatin-Moit (niece), Janette M. Healy (niece), Mary L. Chapman Bruschini (niece), Amy Potts (niece), Sharon Warnes (niece), and Sheryl Lawless (niece). Petitioner's notice advised Maxine's heirs of their right to contest the admission of the 2008 Will to probate, pursuant to sections 8-1 and 8-2 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/8-1, 8-2 (West 2016)). No heirs contested or challenged the admission of the 2008 Will to probate.

¶ 13    On September 19, 2019, petitioner filed a complaint for declaratory judgment (19-P-11), pursuant to section 2-701 of the Code of Civil Procedure (Code) (735 ILCS 5/2-701 (West 2016)), requesting the circuit court to "determin[e] a question in actual controversy among the parties concerning the property distribution of the Probate Estate and of the Trust Estate of MAXINE E. SPITLER." (Emphasis in original.) Petitioner filed the complaint against Maxine's heirs listed above; John's heirs, including Gail A. Crawford, Linda Brock, Carol Montgomery, and Michael Henry; Aldrich respondents; and additional beneficiaries of Maxine's Trust, including Margaret Kijonka, Ashley Hesler, Seth Hesler, Sunrise Youth Center and Community Building, Inc., and Blake Potts.

¶ 14    Petitioner alleged in the complaint that it learned of the existence of the 1965 Will following Maxine's death on May 1, 2019. As such, petitioner alleged that a disagreement existed

---

[4]Amy Potts, Norma Jean Aldrich, and Kelly Aldrich signed the letters of office declining to act as executor of Maxine's estate.

between the beneficiaries of the 1965 Will and the beneficiaries of Maxine's Trust, as amended. Specifically, the 2008 Will disposed of Maxine's entire probate estate to the acting trustee of Maxine's Trust, as amended, and Maxine's Trust, as amended, made specific and residuary gifts to her beneficiaries that differed from the distributions outlined in the 1965 Will. Additionally, petitioner asserted that the four amended and restated Trusts contained the notarized signatures of Maxine and her successor trustee, Rita Kocher (December 10, 2004, and August 8, 2008) and Kelly Aldrich (December 8, 2008); however, only the first amendment, dated September 23, 1997, included signatures of two subscribing witnesses, in violation of article 2, section 2.2 of Maxine's 2008 Trust.[5] Petitioner requested that the circuit court declare the rights of the beneficiaries to Maxine's probate estate and trust assets. Petitioner attached the 1965 Will as an exhibit to the complaint for declaratory judgment.

¶ 15    On November 5, 2019, respondents, Thomas Chapman, Kathleen Thomas, Eileen Maneely, John Chapman, Judy L. Hrvatin-Moit, Sharon Warnes, Sheryl Lawless, Dorothy Brown, Gail A. Crawford, Linda G. Brock, Carol Montgomery, and Michael Henry (Chapman respondents), filed an answer to petitioner's complaint for declaratory judgment. Chapman respondents argued that the 1965 Will became irrevocable upon John's death and denied any legal implications from signing the 1985 Renunciation. Additionally, Chapman respondents admitted that Maxine executed the 2008 Will and Trust, as amended, but affirmatively stated that the 1965 Will estopped Maxine from changing the testamentary disposition contained in the 1965 Will. Chapman respondents requested that the circuit court declare the 1965 Will the last joint and mutual will of John and Maxine, and find Maxine's 2008 Will and Trust, as amended, null and

---

[5]Article 2, section 2.2 of Maxine's 2008 Trust required that "any amendments must be in writing and executed by the Grantor in the presence of at least two subscribing witnesses who subscribed their names as witnesses in the presence of the Grantor."

void. Chapman respondents also requested the court order petitioner to place Maxine's assets in a constructive trust and to distribute in accordance with the 1965 Will.

¶ 16     On December 18, 2019, Aldrich respondents filed an answer to petitioner's complaint for declaratory judgment. Aldrich respondents admitted to all of petitioner's allegations, except the paragraph where they neither admitted nor denied the existence of other persons not listed in the complaint who may claim some right, title, or interest to the assets made subject to the case. Aldrich respondents filed the affirmative defense of release, requesting the circuit court release all right, title, and interest of Chapman respondents arising from or out of the 1965 Will in accordance with the 1985 Renunciation. Aldrich respondents also argued that Chapman respondents were precluded and/or estopped from asserting any right, title, or interest to Maxine's 2008 Will and Trust, as amended, or from including any amendments to either instrument. Finally, Aldrich respondents requested that the court determine the 2008 Will as Maxine's last, valid, and enforceable will, and Maxine's Trust, as amended, as valid and enforceable.

¶ 17     On January 2, 2020, Chapman respondents filed a reply to Aldrich respondents' affirmative defenses. Chapman respondents claimed the 1985 Renunciation had no legal effect on their rights, and that they were not barred by the principles of *res judicata* and collateral estoppel as residuary legatees under the 1965 Will.

¶ 18     Docket entries on March 13, 2020, and June 12, 2020, indicated the parties engaged in settlement discussions. Despite this, a docket entry on September 18, 2020, indicated that the parties did not reach a settlement.[6] The circuit court also ordered the parties to complete discovery by November 18, 2020, and set a hearing on petitioner's complaint for declaratory judgment for February 18, 2021, which the court later rescheduled for April 22, 2021.

_____

[6]The record on appeal does not contain a transcript.

7

¶ 19    On April 13, 2021, Aldrich respondents filed a motion to dismiss petitioner's complaint, pursuant to sections 2-619(a)(1) and (a)(5) of the Code (735 ILCS 5/2-619(a)(1), (a)(5) (West 2020)), for lack of subject matter jurisdiction. Aldrich respondents argued that the complaint for declaratory judgment asserted a "Will contest," invoking sections 8-1 and 8-2 of the Probate Act (755 ILCS 5/8-1, 8-2 (West 2020)), where the complaint "ask[ed] the Court to determine whether the probated 2008 Will or the non-probated 1965 Will is the Last Will and Testament of Maxine E. Spitler." Aldrich respondents argued that petitioner, an uninterested person under the Probate Act, lacked legal standing to contest the court's order admitting Maxine's 2008 Will to probate. The complaint, according to Aldrich respondents, amounted to a collateral attack on the probated 2008 Will. Aldrich respondents contended that the court could not properly consider the validity of the 1965 Will, where Chapman respondents failed to properly initiate a will contest to challenge the probated 2008 Will.

¶ 20    On April 15, 2021, the circuit court held a status hearing. The court vacated its September 18, 2020, order setting petitioner's complaint for hearing and granted the parties leave to file a response to Aldrich respondents' motion to dismiss by April 30, 2021. The court set the matter for hearing for May 7, 2021.[7]

¶ 21    On April 22, 2021, petitioner filed a response to Aldrich respondents' motion to dismiss. Petitioner, admitting it was not an interested person as required by sections 8-1 and 8-2 of the Probate Act, denied the complaint presented a contest or challenge to the 2008 Will. Instead, petitioner claimed that a controversy arose among the beneficiaries of the 1965 Will and 2008 Will that necessitated a request for declaratory relief. Additionally, petitioner requested the circuit

_____

[7]The court held the hearing via "Video court." The record on appeal does not contain a transcript for the proceedings.

court's determination as to the controlling trust instrument, given Maxine's 2008 Trust failed to strictly comply with article 2, section 2.2 of the "Original Trust dated January 18, 2004,"[8] which required "at least 2 subscribing witnesses to any amendments."

¶ 22    On April 22, 2021, Chapman respondents filed a response to Aldrich respondents' motion to dismiss, arguing that the case involved issues "in which the 2008 Spitler Will plays no part; and to the extent that the 2008 Spitler Will is relevant, the issue is not the validity of the instrument, but is enforceability ***." Chapman respondents asserted that they were not arguing that Maxine improperly executed the 2008 Will, but that Maxine's 2008 Will and Trust, as amended, contravened the contractual terms of the 1965 Will, which entitled them to a constructive trust on the assets in the Trust, as amended, including those under the terms of the 2008 Will.

¶ 23    On April 30, 2021, Aldrich respondents filed a reply to petitioner's response to the motion to dismiss. Aldrich respondents asserted that petitioner's complaint for declaratory judgment asked the circuit court to determine whether the "dispositive provisions of a 2008 *** Will control or that the dispositive provisions of the unprobated 1965 *** Will *** control ***." Thus, Aldrich respondents asserted that "irrespective of the name applied to the pleading, it at best [is] a Will contest." Also on April 30, 2021, Aldrich respondents filed a reply to Chapman respondents' response to the motion to dismiss, arguing Chapman respondents failed to contest the admission and validity of Maxine's 2008 Will to probate, as required by sections 8-1 and 8-2 of the Probate Act. Aldrich respondents also argued that Chapman respondents failed to timely file a claim against Maxine's estate for contractual damages. As such, Aldrich respondents argued the circuit court lacked subject-matter jurisdiction, where Chapman respondents failed to contest the 2008 Will within six months of the court's order admitting the 2008 Will to probate.

---

[8]We note that original Trust was dated January 18, 1994.

¶ 24    On May 7, 2021, the circuit court held a hearing on Aldrich respondents' motion to dismiss and all filed responses and replies.[9] The court denied Aldrich respondents' motion to dismiss and rescheduled petitioner's complaint for declaratory judgment for a bench trial on June 24, 2021.

¶ 25    On June 24, 2021, the matter proceeded to a bench trial. Following opening statements, Aldrich respondents called one witnesses, Rita M. Kocher, to testify. Kocher, Maxine's longtime acquaintance, accountant, and president of the Maxine Spitler Foundation, testified that Maxine never indicated her belief that she was limited in the disposition of her properties. Following closing arguments, the circuit court granted the parties leave to file briefs and took the matter under advisement.

¶ 26    On July 6, 2021, Aldrich respondents filed a motion to file an amended answer and affirmative defenses, which the circuit court granted on September 3, 2021. Aldrich respondents' first amended answer included two additional affirmative defenses. Aldrich respondents asserted that Chapman respondents failed to file a claim based upon a breach of contract in the probate proceedings within two years of the statute of limitations (fourth affirmative defense), as set forth in section 18-12(b) of the Probate Act (755 ILCS 5/18-12(b) (West 2020)), and also failed to file an action to enforce a contract to make a will within two years following Maxine's death (fifth affirmative defense), as set forth in section 13-221 of the Code (735 ILCS 5/13-221 (West 2020)). On September 3, 2021, the court took the matter under advisement.[10]

¶ 27    On December 7, 2021, the circuit court entered an order granting petitioner's complaint for declaratory judgment. The court ordered petitioner to place Maxine's assets in a constructive trust

---

[9]The court held the hearing via "Video court." The record on appeal does not contain a transcript for the proceedings.

[10]A July 15, 2021, docket entry indicates that the circuit court determined it necessary to schedule a hearing on Aldrich respondents' July 6, 2021, motion and Chapman respondents' response prior to ruling on petitioner's complaint for declaratory judgment. The court held a hearing on September 3, 2021.

and distribute such assets in accordance with the 1965 Will. The court determined that Maxine's 2008 Will and Trust, as amended, violated the terms of the 1965 Will, which became irrevocable at the time of John's death. The court concluded that the 1965 Will was a joint and mutual will under current Illinois law. As a result, "Maxine was then estopped from dispositions contrary to the common distribution directed in the Joint Will—½ to John's heirs and ½ to Maxine's heirs." Thus, the court determined that Maxine's 2008 Will and Trust, as amended, violated the terms of the 1965 Will, and declared "to be of no effect as to the assets of the probate estate or the trust."

¶ 28    Moreover, the circuit court determined that the 1985 Renunciation did not release any rights of the signatories, because the signatories did not yet have rights to release. Additionally, the court determined that petitioner timely filed the complaint for declaratory judgment, stating "it would be incongruous to *** say that the filing of the declaratory judgment action does not satisfy the limitations period here," regardless of whether a two-year or six-month limitations period applied. The court noted that the parties could not "now complain" about the filing of the complaint for declaratory judgment, where "all parties answered and thus agreed to have the controversies resolved through this declaratory judgment action."

¶ 29    On January 5, 2022, Aldrich respondents filed a motion to reconsider and a memorandum of law in support shortly thereafter, which the court denied on May 16, 2022. Aldrich respondents filed a timely notice of appeal.

¶ 30                                        II. Analysis

¶ 31    As an initial matter, we note that this court granted Aldrich respondents' motions for extension of time to file their brief on September 16 and September 26, 2022. On September 27, 2022, Aldrich respondents filed their opening brief. Shortly thereafter on October 17, 2022, Aldrich respondents filed a motion to file supplemental briefing, and Chapman respondents

11

objected. This court promptly denied Aldrich respondents' motion. After Aldrich respondents filed their reply brief, Chapman respondents filed a motion to strike portions of Aldrich respondents' reply brief. This court took Chapman respondents' motion to strike with the case on appeal, which we now deny.

¶ 32   On appeal, Aldrich respondents first argue that the circuit court exceeded its scope of "authority or jurisdiction" under section 2-701 of the Code (*id.* § 2-701) to distribute assets in accordance with the 1965 Will, which was not formally admitted to probate but merely attached to petitioner's complaint for declaratory judgment. Additionally, Aldrich respondents contend that petitioner's complaint for declaratory judgment "was an improper means for the trial court to rule on the validity or propriety of the 1965 Will and its relation to the 2008 Will" and Trust, as amended. In ruling on the complaint for declaratory judgment, the court, according to Aldrich respondents, "effectively and incorrectly, determined the 2008 Spitler Will to be invalid." Aldrich respondents contend that Chapman respondents should have sought a will contest, a complaint for breach of contract, or a complaint for specific performance to resolve the inconsistencies between the two wills. In response, Chapman respondents argue petitioner's complaint for declaratory judgment properly invoked the circuit court's subject matter jurisdiction because an actual controversy existed between the parties, and a will contest did not present an appropriate remedy for the issues raised in this case. We first address the issue of jurisdiction.

¶ 33   Subject matter jurisdiction refers to a court's power to adjudicate the general question involved and to grant the relief requested. *In re M.M.*, 156 Ill. 2d 53, 64 (1993). Effective January 1, 1964, an amendment to article VI of the Illinois Constitution "created a single integrated trial court vested with jurisdiction to adjudicate all controversies." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 530 (2001) (citing *Zamarron v. Pucinski*, 282 Ill. App. 3d 354, 360 (1996)); see also

Ill. Const. 1870, art. VI, § 9 (amended 1964); accord Ill. Const. 1970, art. VI, § 9). As such, circuit courts in a civil context enjoy, with limited exceptions, " 'original jurisdiction of all justiciable matters ***.' " *Steinbrecher*, 197 Ill. 2d at 530 (quoting Ill. Const. 1970, art. VI, § 9); see also *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1065 (2009). According to our supreme court in *Steinbrecher*, "a circuit court is a court of general jurisdiction, which need not look to the statute for its jurisdictional authority." 197 Ill. 2d at 530. Here, the circuit court, a court of general jurisdiction, had original jurisdiction to hear petitioner's claim that concerned the Probate Act. Accordingly, we cannot conclude that the court lacked authority or jurisdiction to consider petitioner's declaratory judgment action.

¶ 34    Although we conclude that the circuit court did not exceed its scope of authority or jurisdiction by considering petitioner's declaratory judgment action, we cannot conclude that the court properly interpreted and then declared a nonprobated will as the last, valid, unrevoked will of Maxine. The question before this court is a question of law that we review *de novo*. *Arthur v. Catour*, 216 Ill. 2d 72, 78 (2005). Our supreme court stated that "[a] will is not effective for any purpose until it is admitted to probate." *Crooker v. McArdle*, 332 Ill. 27, 29 (1928)). In fact, "it is the general rule that a will, until it has been duly admitted to probate in the proper court, is wholly ineffectual as an instrument or muniment, or as evidence, of title, or to pass title, or to confer rights." *Krasauski v. Birbalas*, 46 Ill. App. 2d 226, 230 (1964) (citing *Barnett v. Barnett*, 284 Ill. 580, 586 (1918)).

¶ 35    Here, the record demonstrates that Maxine was the only party who filed a petition to probate the 1965 Will. Specifically, Maxine petitioned the circuit court of Lawrence County on January 7, 1982, to probate the 1965 Will as the last will and testament of John. In the present case, no parties petitioned the circuit court of Jasper County to probate the 1965 Will as the last

13

will and testament of Maxine—a fact the court was well aware of at the time of the proceedings. Instead, petitioner attached the 1965 Will as an exhibit to the complaint for declaratory judgment. Pursuant to section 5-1(a) of the Probate Act (755 ILCS 5/5-1(a) (West 2016)), the probate or the administration of a testator's will "shall be in the court of the county *** where [the testator] has a known place of residence." With this in mind, the record, specifically, petitioner's complaint for declaratory judgment, demonstrates that Maxine's known place of residence at the time of her death was in Newton, Illinois, Jasper County. Thus, pursuant to section 5-1(a) of the Probate Act, it would have been proper for Chapman respondents to petition the circuit court of Jasper County to probate the 1965 Will for the court's consideration in determining Maxine's last will and testament. Despite this, the court's December 7, 2021, order conferred rights to the Chapman respondents that were set forth in the 1965 Will, which was a will that had no legal effect at that time and "[wa]s not admissible in evidence." See *Crooker*, 332 Ill. at 29-30 ("[N]o will is legally effective until it has been admitted to probate."). Based on these principles, we conclude that the circuit court erred as a matter of law by ruling that the nonprobated 1965 Will was an irrevocable joint and mutual will.

¶ 36    Accordingly, we conclude that the circuit court erred by invalidating the 2008 Will when it granted petitioner's complaint for declaratory judgment, where the court improperly determined that the nonprobated 1965 Will was the last, valid, unrevoked will of Maxine and ordered the distribution of assets in accordance with the 1965 Will.

¶ 37                                    III. Conclusion

¶ 38    For the foregoing reasons, we reverse the order of the circuit court of Jasper County, granting petitioner's petition for declaratory relief and distributing Maxine's assets in accordance

14

with the nonprobated 1965 Will. We remand the cause for further proceedings consistent with this order.

¶ 39    Reversed; cause remanded.